**STATE of Indiana, Appellant–Plaintiff,**

v.

**Bruce E. HELTON, Appellee–Defendant.**

No. 34A02–9303–CR–119.

Court of Appeals of Indiana,
Third District.

Dec. 16, 1993.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

Steven K. Raquet, Raquet, Dabrowski & Huston, Kokomo, for appellee-defendant.

HOFFMAN, Judge.

The State appeals the trial court's order of discharge in favor of Bruce E. Helton. The State may appeal such discharge pursuant to IND.CODE § 35–38–4–2(2) (1988 Ed.).

The facts relevant to the appeal disclose that on July 31, 1991, the Howard County prosecutor filed an information charging Helton with robbery, a Class B felony, and conspiracy to commit robbery, a Class B felony. Also on July 31, 1991, a warrant was issued for Helton's arrest on the Howard County charges.

The charges in Howard County stemmed from the robbery of a gasoline station on the morning of July 30, 1991. Howard County, Cass County and State police searched Helton's residence on July 30, 1991. They discovered firearms which had been stolen from a Cass County gun store. Later that day in a statement to police, Helton's brother implicated Helton in the Cass County burglary and the Howard County robbery.

Helton was being held in the Cass County jail when the warrant from each of the counties was read to him. In November 1992, Helton had been sentenced on the Cass County charge and was serving a term of imprisonment in a Department of Correction facility when the Howard Circuit Court ordered his transportation to Howard County for an initial hearing on the Howard County charges. At the initial hearing, Helton was determined to be indigent, and pauper counsel was appointed.

On January 19, 1993, Helton filed his motion to dismiss the charges pursuant to

Ind.Crim. Rule 4(C). On January 27, 1993, a hearing was held on Helton's motion. The trial court granted Helton's motion. This appeal ensued.

The State contends that the trial court erred in determining that Helton was entitled to discharge pursuant to Crim. Rule 4(C).

In relevant part, the rule provides:

"Defendant Discharged. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, *whichever is later*[.] ..." (Emphasis added.)

Crim. Rule 4(C).

As noted by the State, courts have consistently held

" 'that when a defendant is incarcerated in another county on unrelated charges, "arrest" for purposes of [Crim. Rule 4(C)] does not occur until his return is ordered by the court wherein the second charges have been filed.' "

*Maxie v. State* (1985), Ind., 481 N.E.2d 1307, 1309, *quoting Landrum v. State* (1981), Ind., 428 N.E.2d 1228, 1230.

Helton acknowledges the above authority. He argues, however, that the rule should not apply in his case because the Cass County warrant and the Howard County warrant were read to him at the same time and that he was not necessarily incarcerated on the Cass County charges first. Further, according to Helton, the Cass County charges were not filed until after his arrest in Cass County. Helton's focus misses the pertinent inquiry.

The determinative factors are where the defendant is being held and whether the incarceration is for the purpose of unrelated charges. Helton was incarcerated in Cass County. Unrelated charges, no matter what order they were read, were filed against Helton. Thus, the "arrest" on the Howard County charges did not occur until November 1992, when Helton was ordered to be returned for initial hearing.

The cause is reversed. Pursuant to IND. CODE § 35–38–4–4 (1988 Ed.), the erroneous order by the trial court does not serve as a bar to further prosecution.

Reversed.

GARRARD and ROBERTSON, JJ., concur.