**Romane J. RICKELS, Appellant–Plaintiff,**

v.

**Patricia A. HERR, Appellee–Defendant.**

**No. 71A05–9308–CV–302.**

Court of Appeals of Indiana,
Fifth District.

Aug. 16, 1994.

---

Romane J. Rickels, pro se.

Susan M. Toth, Legal Aid Intern, Barbara Gasperetti, Notre Dame Legal Aid Clinic, Notre Dame, for appellee.

RUCKER, Judge.

Acting pro se in the trial court, Romane Rickels filed a complaint against his ex-wife Patricia A. Herr seeking damages for her actions which ultimately resulted in Rickels' involuntary commitment to a state hospital. In response, Herr filed a motion for summary judgment which the trial court granted. Rickels, pro se, now appeals raising two issues for our review which we rephrase and consolidate into one: whether the trial court erred in entering summary judgment in Herr's favor. Finding no error, we affirm.

The record reveals the parties were married in 1970 but separated in December 1987 after Rickels accused Herr of sexually abusing the parties' minor son. During the pendency of the divorce proceedings the trial court ordered psychiatric testing of the entire family. At the direction of Dr. Katherine Rice, the psychiatrist chosen by Rickels, Dr. Paul Bailey conducted full psychological testing of each member of the family. Based on those tests and her own contact

with the parties, Dr. Rice concluded that Rickels was suffering a psychiatric disorder. Dr. Rice also concluded that there was no evidence that Herr was sexually abusing the parties' minor son.

Upset by Dr. Rice's conclusions, Rickels set out to prove the alleged abuse and began a pattern of behavior toward Herr including systematic searches through Herr's garbage, and following, stalking, and threatening her. On March 25, 1990, fearing for her own safety and the safety of the parties' children, Herr filed an application for emergency detention under the provisions of Ind.Code § 16–14–9.1–7.[1] The application was signed by Dr. Rice. Rickels was apprehended the same day and taken to Memorial Hospital for a seventy-two-hour detention and observation period. During that period he was examined by a staff physician, Dr. Glen Harris, who concluded that Rickels suffered from a psychiatric disorder and was in need of further commitment and evaluation.

At the end of the seventy-two-hour commitment period, a court hearing was conducted before the Honorable Jeanne M. Jourdan, Judge of the St. Joseph Superior Court. Rickels was represented by counsel. After hearing evidence the trial judge determined that Rickels suffered from a "mental illness" as defined in Ind.Code § 16–14–9.1–1(a) and that Rickels was "dangerous" under Ind. Code § 16–14–9.1–1(c).[2] The trial judge ordered Rickels committed to Memorial Hospital for an additional thirty days. As a result Rickels incurred expenses in the amount of $17,000.00. The parties were ultimately divorced March 1, 1991.

On April 21, 1992, Rickels filed a pro se complaint against Herr captioned "Tort of Intentional False Detainment." The allegations in the complaint centered on Herr's filing the application for emergency detention, Rickels' subsequent "forceable det[en-tion]" at Memorial Hospital, and his incurred debt of $17,000.00 for which Rickels now seeks reimbursement. In response, Herr filed a motion for summary judgment accompanied by several exhibits and an affidavit in support. Rickels did not submit opposing affidavits or other materials. After entertaining arguments on both sides, the trial court granted Herr's motion. Thereafter Rickels filed a timely motion to correct error which was denied. This appeal arose in due course.

■ When reviewing the grant of summary judgment our well settled standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Montgomery County Farm Bureau Co-op Ass'n, Inc. v. Deseret Title Holding Corp.* (1987), Ind.App., 513 N.E.2d 193, *reh'g denied.* We must consider the pleadings and evidence sanctioned by Indiana Trial Rule 56(C) without deciding its weight or credibility. Summary judgment should be granted only if such evidence shows that there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Houin v. Burger by Burger* (1992), Ind.App., 590 N.E.2d 593. When a motion of summary judgment is made and supported by the materials contemplated by Indiana Trial Rule 56, the opposing party may not rest on its pleading but must set forth specific facts using supporting materials contemplated by this rule. *Liberty Mut. Ins. Co. v. Metzler* (1992), Ind.App., 586 N.E.2d 897, *trans. denied.* If the opposing party fails to meet this burden, then summary judgment may be granted. *Id.* at 900.

Rickels first complains that the trial court erred in refusing to allow him, at the time of the hearing, to present evidence in contravention of Herr's summary judgment motion. Rickels acknowledges the mandate of Rule 56, but argues that as a pro se litigant he should have been given prior notice by the

---

**1.** Repealed by P.L. 2–1992. Now see Ind.Code § 12–26–5–1.

**2.** Repealed by P.L. 2–1992. Now see Ind.Code § 12–7–2–130 and Indiana Code § 12–7–2–53.

trial court of the necessity of presenting counter-affidavits in response to a motion for summary judgment. In support of his argument Rickels cites various federal court cases, in particular a seventh circuit case which held in part:

> All pro se litigants, not just prison inmates, are entitled to notice of the consequences of failing to respond to a summary judgment motion. Although counsel for the movant should include the notice with the summary judgment motion, the responsibility falls on the district court if counsel fails to do so.

*Timms v. Frank*, 953 F.2d 281, 285 (7th Cir.1992), *cert. denied.*

 Rickels correctly observes that the courts of this State often refer to federal cases when examining procedural rules. This is so because many of the Indiana Rules of civil procedure are modeled after the federal rules. *Jackson v. Russell* (1986), 491 N.E.2d 1017; *State ex rel. v. Marion Sup.Ct. Civ. Division* (1981), 275 Ind. 533, 418 N.E.2d 218; *Ball Stores, Inc. v. State Bd. of Tax Comm'rs* (1974), 262 Ind. 386, 316 N.E.2d 674. However, although respectful of the federal courts' interpretation of federal rules of procedure we are not thereby bound when applying this State's rules. In that regard the law in this jurisdiction is well settled that a litigant who proceeds pro se is held to the same established rules of procedure that trained counsel is bound to follow. *See e.g., Nesses v. Specialty Connectors Co., Inc.* (1990) Ind.App., 564 N.E.2d 322 (affirming trial court's dismissal of pro se litigant's action for failure to comply with discovery orders); *Creedon v. Asher Truck & Trailer, Inc.* (1989), Ind.App., 535 N.E.2d 148 (pro se litigant's appeal dismissed for failure to timely file motion to correct errors with trial court); *State ex rel. Medical Licensing Bd. of Indiana v. Stetina* (1985), Ind.App., 477 N.E.2d 322, *trans. denied* (rejecting litigant's argument that she cannot be held to the same standard when representing herself as a licensed attorney when representing a client).

 Indiana Trial Rule 56(C) requires each party to a summary judgment motion to "designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." Moreover, the opposing party to the motion must designate "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." T.R. 56(C). Where the opposing party sets forth no specific facts by way of affidavit, alternative documents or filings that would put into issue the otherwise undisputed facts, then the grant of summary judgment is proper. *Walters v. Kellam and Foley* (1977), 172 Ind. App. 207, 360 N.E.2d 199. In addition, under the provision of T.R. 56(H) we may not reverse summary judgment orders on grounds that there is a genuine issue of material fact unless the material facts and relevant evidence were specifically designated to the trial court. "T.R. 56 was specifically added to impress upon us, as the reviewing court, the need for the parties to strictly comply" with the designated evidentiary matter requirement of amended T.R. 56(C). *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 435 quoting *Jackson v. Blanchard* (1992), Ind.App., 601 N.E.2d 411, 415.

 The record before us is clear. Herr filed a motion for summary judgment accompanied by several exhibits along with an affidavit in support. Rickels did not submit opposing affidavits or other materials in opposition. The trial court properly ruled on the motion based on the Rule 56(C) materials before it. Not withstanding the seventh circuit's position to the contrary, the trial court had no responsibility to give Rickels prior notice of the consequences of failing to properly respond to a summary judgment motion.

Rickels also argues the trial court misperceived the nature of his complaint. According to Rickels the trial court considered his claim as one for false imprisonment while the body of the complaint raised issues of invasion of privacy, invasion of personal liberty and perhaps wrongful intrusion. Thus, the

argument goes, summary judgment was inappropriate because Herr's designated materials did not controvert the various theories which Rickels advanced. This argument lacks merit.

Regardless of the theory, the allegations in Rickels' complaint centered on Herr's filing an application for emergency detention, Rickels' subsequent detention at Memorial Hospital, and his incurred debt of $17,000.00. Herr's action was controlled by Ind.Code § 16–14–9.1–12 [3] which dictates in relevant part:

> Any person who, without malice, bad faith, or negligence and according to this chapter:
>
> (1) participates in proceedings for the detention or commitment of another person; or
>
> (2) assists in the detention, care, and treatment of another person alleged or adjudged to be mentally ill; is *immune from any civil or criminal liability* which might otherwise be imposed as a result thereof.

(Emphasis added.)

There is no question that Herr's action set into motion Rickels' ultimate detention at Memorial Hospital. However, Rickels' detention and costs therefore were the ultimate result of at least two physicians as well as a superior court judge concluding that Rickels was both dangerous and mentally ill. Thus, Rickels' contention that if given the opportunity he could demonstrate that Herr acted with malice and bad faith is not relevant. Further, in her affidavit in support of summary judgment Herr indicated that she was motivated out of fear for the safety of herself and her children. Nothing before us indicates the contrary. The trial court's entry of

summary judgment in favor of Herr was appropriate.

Judgment affirmed.

SHARPNACK, C.J., and ROBERTSON, J., concur.

---

3. Repealed by P.L. 2–1992. Now see Ind.Code § 12–26–2–6.

