**Robert J. COLE, III, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 30A01–0203–CR–107.**

Court of Appeals of Indiana.

Dec. 23, 2002.

Transfer Denied Feb. 27, 2003.

Andrew E. Clark, Allen Wellman McNew, Greenfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

NAJAM, Judge.

### STATEMENT OF THE CASE

Robert J. Cole, III appeals the trial court's denial of his motion to discharge under Criminal Rule 4(C). He presents a single issue for our review, namely, whether the State should have been charged with delays stemming from Cole's multiple requests to continue his trial.

We affirm.

## FACTS AND PROCEDURAL HISTORY

From 1998 through early 2000, Cole engaged in inappropriate conduct of a sexual nature with his daughter, S.T., and two of her minor friends, C.T. and A.H. In addition to physical contact, including touching the girls' genitalia, Cole photographed the girls wearing bathing suits and videotaped their conversations about sex. On May 5, 2000, the State charged Cole with Battery, two counts of Sexual Battery, Intimidation, and Sexual Misconduct with a Minor, and police arrested Cole the same day. Police also executed a search warrant on May 5, 2000, and seized items from his residence, including his car, several firearms, a computer, computer disks, videotapes, and photographs. Police subsequently obtained a search warrant for Cole's workplace and seized his work computer. The trial court scheduled a jury trial for August 14, 2000.

On May 11, 2000, Cole filed a motion for discovery and inspection and a petition for return of property, which only requested the return of his car and his set of keys. On May 16, 2000, the State filed a notice of discovery compliance, including a statement that the files of both the Hancock County Prosecutor's Office and Sheriff's Department were "open for review by defense counsel with advance notice."

On August 10, 2000, Cole filed his first motion for continuance, stating only that "[t]he discovery process is not complete and the Defendant needs additional time in which to complete said process." The trial court granted that motion and reset the trial for October 16, 2000. On August 16, 2000, the State filed a notice of additional discovery, namely, the transcribed statements of Cole's three alleged victims.

On October 3, 2000, Cole filed his second motion for continuance, stating that Cole's counsel had been ill, that the discovery process was not complete, and that Cole needed additional time to complete discovery, including taking depositions on October 24, 2000. The trial court granted that motion and reset the trial for December 11, 2000. On October 25, 2000, the State filed a notice of additional discovery, including documents printed from Cole's computer, S.T.'s diary, and various photographs.

On November 13, 2000, Cole filed his third motion for continuance, stating that Cole's counsel had been ill and that the depositions that were scheduled in October had to be postponed until December 7, 2000. The trial court granted that motion and reset the trial for February 5, 2001. On January 24, 2001, Cole filed his fourth motion for continuance, stating that the State had not returned the computers seized from Cole in May 2000, and that Cole needed access to those computers to prepare for trial. The trial court granted that motion and reset the trial for April 30, 2001. On February 21, 2001, the State filed a notice of additional discovery, namely, Cole's home and work computers (which were returned to Cole's counsel), and written analyses of the computers' hard drives.

On April 11, 2001, Cole filed a petition for return of property, alleging that the State had not yet returned several items seized in May 2000, including a digital camera, video and audiotapes, and computer disks. Cole also filed his fifth motion for continuance on that date, stating that he had been unable to inspect the seized items and that, while the State had returned his computers, he found them to be inoperable and had to have them repaired. A hearing was held on his petition and motion on April 17, 2001. Following the hearing, the trial court ordered the State to retain the disputed property, but granted Cole access to examine the property.

The trial court also granted Cole's motion for continuance and reset the trial for August 20, 2001.

On August 1, 2001, Cole filed his sixth motion for continuance, stating that, despite numerous attempts, Cole's counsel had been denied access to the items maintained at the Sheriff's Department. Cole also maintained that his computers were not repaired until the end of April 2001 and that his expert's inspection of those computers and disks had taken more than 100 hours to complete. Cole argued that he needed more time to complete and review the computer inspection reports to prepare for trial. The trial court granted Cole's motion and reset the trial for November 26, 2001.

On October 30, 2001, Cole filed another motion for inspection and/or return of property, alleging that he had been denied access to items in the possession of the Sheriff's Department. Following a hearing on November 7, 2001, the trial court ordered that Cole be permitted to inspect the evidence at the Sheriff's Department at 10:00 a.m. that date. Later that day, Cole filed his seventh motion for continuance, stating that he was only permitted to spend one hour and fifteen minutes inspecting the items that morning and that he was informed the items would not be available for inspection again until November 12, 2001. Cole explained that copying many of the items, such as videotapes, and examining the items would take a great deal of time, necessitating the continuance. The trial court granted the motion and reset the trial for February 25, 2002.

On January 30, 2002, Cole filed a motion for discharge pursuant to Criminal Rule 4(C). At the hearing on Cole's motion, Cole argued that five of the delays should have been charged to the State because his motions for continuances were necessitated by the State's failure to comply with his discovery requests. The trial court denied Cole's motion for discharge. Cole then moved that the trial court certify that order for interlocutory appeal, which the court granted. This appeal ensued.

## DISCUSSION AND DECISION

The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Clark v. State*, 659 N.E.2d 548, 551 (Ind.1995). This "fundamental principle of constitutional law" has long been zealously guarded by our courts. *Id.* (quoting *Castle v. State*, 237 Ind. 83, 143 N.E.2d 570, 572 (1957)). To this end, the provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right. *Id.* Specifically, Criminal Rule 4(C) provides in relevant part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; *except where a continuance was had on his motion,* or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar[.]

(Emphasis added).

Thus, if a defendant seeks or acquiesces in a delay that results in a trial date beyond the one-year limit, the time limitations set by Criminal Rule 4 are extended by the length of such delays. *See Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind.1999). But Cole contends that, because his motions to continue the trial date were necessitated by the State's failure to promptly comply with discovery requests, he should not be charged for any of the

delays stemming therefrom. The State responds that Rule 4(C) and case law make clear that Cole was properly charged with all of the delays. The State also maintains, in the alternative, that Cole waived his right to a speedy trial when he failed to timely object to the trial date set outside of the one-year period. We agree with the State.

This court has recently addressed the issue Cole raises, and we held that the trial court did not err when it denied the defendant's motion for discharge. In *Hillenburg v. State*, 777 N.E.2d 99, 104 (Ind. Ct.App.2002), *trans. pending*, the defendant argued that his seven motions for continuances should not have been charged to him under Criminal Rule 4(C) because they were "necessitated by various actions on the part of the State, including most notably delays in the attaining and processing of tissue samples." We disagreed, citing the following passage from this court's opinion in *State v. Moles*, 166 Ind. App. 632, 337 N.E.2d 543, 552 (1975):

> C.R. 4(C) is not an absolute rule, but is subject to limitations and exceptions, such as the exception to discharge when periods of delay are caused by defendant's acts or when a continuance is had on defendant's motion. These exceptions are recognitions of the fact that the deliberate speed of justice cannot be absolute. A defendant may desire a continuance, or may cause delay, or may acquiesce in delay, and thereby effectively waive and extend the one-year reasonable time for trial. In such cases, swift and deliberate justice is defined, not by the Rule, but by the demands of the individual defendant.

And in *Sturgeon v. State*, 683 N.E.2d 612, 616 (Ind.Ct.App.1997), *trans. denied*, also citing this language in *Moles*, this court "reject[ed] [the defendant's] attempt to carve out an exception to this general rule

for situations in which the State's negligence necessitated a continuance." We held that " '[i]t does not matter that the defendant's act was justifiable or meritorious, since it is not the motive behind defendant's actions, but the effect of his actions, that determines whether the delay is chargeable to him.' " *Id.* (quoting *Moles*, 337 N.E.2d at 553).

Still, Cole cites this court's opinions in *Marshall v. State*, 759 N.E.2d 665 (Ind.Ct. App.2001) and *Biggs v. State*, 546 N.E.2d 1271 (Ind.Ct.App.1989), as well as our supreme court's opinion in *Isaacs v. State*, 673 N.E.2d 757 (Ind.1996), for the rule that a defendant should not be placed in the untenable position of having to choose between going to trial unprepared due to the State's failure to respond to discovery requests or waiving his right to a speedy trial. But those cases are distinguishable from the instant case. In all three cases, the State's failure to respond to discovery requests was blatant and well-documented. *See Marshall*, 759 N.E.2d at 670 (noting CCS entries and pleadings "consistently attribute ... delays to the State's failure to provide discovery"); *Biggs*, 546 N.E.2d at 1275 (noting after State had not complied with discovery requests, trial court removed case from docket until discovery was complete); *Isaacs*, 673 N.E.2d at 762 (noting State conceded first delay not chargeable to defendant because State had not responded to discovery; also noting defendant's second motion for continuance chargeable to defendant).

But here, the CCS and pleadings indicate that the State diligently complied with Cole's discovery requests. The State consistently filed timely notices of additional discovery, and Cole never filed a motion to compel discovery. While Cole claims that his contact at the Sheriff's Department was not cooperative regarding his access to items maintained there, we do not equate such logistical problems with a complete failure to comply with discovery

requests. Moreover, when he moved for continuances, Cole never requested that the trial court limit the delay to a reasonable period necessary to complete discovery. As a result, many of the delays were more than three months each.

In this case, we follow the reasoning set out in *Moles, Sturgeon,* and *Hillenburg* and hold that Cole was properly charged with each of his seven motions for continuances, a delay totaling 560 days. As such, the February 25, 2002 trial setting was well within the time limitations under Criminal Rule 4(C), and the trial court did not err when it denied Cole's motion for discharge.[1]

Affirmed.

RILEY and VAIDIK, JJ., concur.

---

**1.** In his motion for discharge, Cole conceded that two of the continuances were properly chargeable to him, totaling 112 days, which would have given the State until August 25, 2001 to bring him to trial within Criminal Rule 4(C) limitations. Following Cole's April 11, 2001 motion to continue, the trial court reset his trial for August 20, 2001, which was within the one-year limit. But on August 1, 2001, Cole again moved to continue his trial, and the court reset the trial for November 26, 2001. When a trial court, acting within the one-year period of the rule, schedules trial to begin beyond the one-year limit, the defendant must make a timely objection to the trial date or waive his right to a speedy trial. *Vermillion,* 719 N.E.2d at 1204; *see also Brown v. State,* 725 N.E.2d 823, 825 (Ind. 2000). Thus, even assuming Cole was only properly charged with those two delays, he waived his right to a speedy trial when he failed to timely object to the November 26, 2001 setting.