Philip M. WERNER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 68A04–0402–CR–77.

Court of Appeals of Indiana.

Nov. 22, 2004.

Transfer Denied Jan. 27, 2005.

Dale W. Arnett, Winchester, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Philip M. Werner appeals from the trial court's interlocutory order denying his motion to dismiss. Specifically, he contends that the trial court erred in failing to find a violation of Indiana Rule of Criminal Procedure 4(C) where there were multiple delays between his arrest on August 30, 2000, and the original bench trial date set for January 3, 2002. Finding that Werner did not object to the trial date in a timely fashion and has therefore waived this argument, we affirm.

### FACTS

The facts most favorable to the judgment are that Werner was arrested on August 30, 2000. The State charged him

with Possession of Marijuana,[1] a class A misdemeanor, on September 7, 2000. Werner appeared for the initial hearing in Randolph County on September 19, 2000, and requested a continuance of the hearing. The trial court rescheduled the hearing to October 10, 2000, when it again continued the hearing until November 9, 2000. The record is silent as to why the hearing was continued at that time. On November 8, 2000, Werner was arrested in Wayne County on unrelated charges. On November 9, 2000, the trial court continued the hearing again until November 21, 2000, due to court congestion. Also on November 9, 2000, an individual called the Randolph County Clerk's Office to advise the office that Werner was incarcerated in the Wayne County Jail.

On November 21, 2000, the trial court reset the initial hearing for January 2, 2001, and the record is silent as to why the hearing was again continued. On January 2, 2001, Werner failed to appear for the initial hearing, and the trial court continued the hearing until January 30, 2001. On January 8, 2001, Werner's bonding company called the bailiff and informed him that Werner was in the Wayne County Jail and "would probably be there for awhile." Appellant's App. p. 88. On January 9, 2001, the trial court appointed pauper counsel for Werner. The record is silent regarding the scheduled hearing on January 30, 2001. Werner was incarcerated in Wayne County until May 23, 2001, when he was released.

On October 26, 2001, the trial court continued the initial hearing until November 2, 2001, at which time Werner filed a waiver of the initial hearing and the trial court set the omnibus date and bench trial for January 3, 2002. Werner did not object to the trial date at that time. Due to further delays, the trial did not occur as scheduled on January 3, 2002.

On March 31, 2003, Werner filed a motion to dismiss pursuant to Indiana Rule of Criminal Procedure 4(C), and on December 23, 2003, the trial court denied Werner's motion. Werner now appeals from the trial court's interlocutory order denying his motion to dismiss.[2]

## DISCUSSION AND DECISION

Werner argues that the trial court erred in denying his motion to dismiss pursuant to Rule 4(C). Specifically, he contends that because he provided notice, albeit oral, to the Randolph County Clerk's Office that he was incarcerated in Wayne County when he failed to appear on January 2, 2001, that he should not be charged with the delay that occurred due to his Wayne County incarceration.

■ As we consider Werner's argument, we note that we review a trial court's denial of a motion to dismiss for an abuse of discretion. *Johnson v. State*, 774 N.E.2d 1012, 1014 (Ind.Ct.App.2002). In reviewing the trial court's decision for an abuse of discretion, we reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

■ The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Cole v. State*, 780 N.E.2d 394, 396 (Ind.Ct.App.2002), *trans. denied.* The provisions of Indiana Rule of Criminal Procedure 4 provide further protection to a defendant's right to a speedy trial. *Id.* Specifically, Rule 4(C) provides, in pertinent part, as follows:

---

1. Ind.Code § 35–48–4–11(1).

2. We accepted jurisdiction of this interlocutory appeal on March 8, 2004.

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar....

Ind. R.Crim. Pro. 4(C). If a defendant seeks or acquiesces in a delay that results in a trial date beyond the one-year limit, the time limitations set by Rule 4(C) are extended by the length of such delays. *Cole*, 780 N.E.2d at 396.

■ If a defendant makes no objection to the scheduling of a trial date beyond the one-year time limit set by Rule 4(C), then he has waived the objection for purposes of appeal. *Solomon v. State*, 588 N.E.2d 1271, 1272 (Ind.Ct.App.1992). But a waiver occurs *only* where the defendant learns within the period during which he could properly be brought to trial that the court is proposing to conduct the trial on an untimely date. *Id.* If the trial court does not set a trial date until after the one-year period has elapsed, the defendant has no duty to object because it is no longer possible for the trial court to comply with Rule 4(C). *Id.* Under those circumstances, the defendant need merely move for discharge and need not object to preserve his argument for appeal. *Id.*

■ In this case, Werner did not object on November 2, 2001, when the trial court set a trial date of January 3, 2002. The State contends that Werner has conse-

quently waived this argument for purposes of appeal, but fails to acknowledge the authority noted above. Appellee's Br. p. 9. Werner responds by contending that January 3, 2002, is beyond the one-year limit set by Rule 4(C) and that he therefore need not have objected and has not waived the argument. Reply Br. p. 2–3. As noted above, to determine whether Werner was obligated to object to the trial date, we must consider the date on which the trial court set Werner's trial date, not the trial date itself. *See Solomon*, 588 N.E.2d at 1272.

To determine whether Werner has waived the Rule 4(C) argument, we must investigate whether the time that passed between September 7, 2000—the date on which Werner was charged—and November 2, 2001—the date on which the trial court set the trial date—fails the Rule 4(C) one-year limit. If, taking all time chargeable to Werner into account, the date on which the trial court scheduled his trial is more than 365 days after the date on which Werner was charged, then he need not have objected to the trial date at that time. But if it is within 365 days, Werner has waived this argument.

■ The record shows that the total number of days between September 7, 2000, and November 2, 2001, is 421, which exceeds the maximum permitted by Rule 4(C). But some of that time is chargeable to Werner. On September 19, 2000, he requested a continuance of the initial hearing, which the trial court granted and then rescheduled Werner's hearing for October 10, 2000. Those twenty-two days may be charged against Werner, bringing the total to 399.[3]

---

3. The State includes the following statement in its Statement of Facts: "On October 10, Defendant appeared at the initial hearing and again asked for a continuance." Appellee's

Br. p. 2. It later avers that "Defendant undisputedly delayed the proceedings between September 19 and November 9, 2000...." *Id.* p. 8. But the trial court's order and the record

■ The remaining question, therefore, is whether Werner may be charged with the time that passed between January 2, 2001, when he failed to appear for his initial hearing because he was incarcerated in Wayne County, and May 23, 2001, when he was released from Wayne County Jail. If Werner may be charged with these 142 days, then the total time that elapsed between Werner being charged and the trial court setting the trial date was 257 days, well within the maximum permitted by Rule 4(C). In such a scenario, Werner has waived a Rule 4(C) argument. But if, on the contrary, Werner may not be charged with these 142 days, then he need not have objected to the trial date and has not waived this argument.

The State argues that Werner should be charged with these 142 days because he did not provide written notice to the trial court that he was incarcerated in Wayne County. Werner responds that on two separate occasions, an individual telephoned Randolph County Superior Court to inform court personnel of Werner's incarceration on unrelated charges in Wayne County. He contends that because at that time he was not represented by counsel, he "was doing what he could to give notice of his whereabouts" and that the oral notification should be sufficient under these circumstances. Appellant's Br. p. 7.

The State and the trial court rely upon a series of cases for their conclusion that the 142 days may be charged to Werner. The first group of cases holds that when a defendant is incarcerated in another county on unrelated charges, "arrest" for Rule 4(C) purposes does not occur until his return is ordered by the court wherein the second charges have been filed. *See Maxie v. State*, 481 N.E.2d 1307 (Ind.1985)

(affirming denial of Rule 4(C) motion to dismiss); *Landrum v. State*, 428 N.E.2d 1228 (Ind.1981) (same); *State v. Helton*, 625 N.E.2d 1277 (Ind.Ct.App.1993) (reversing grant of Rule 4(C) motion to dismiss). This authority is distinguishable from Werner's case, however, because he was not incarcerated in Wayne County when the Randolph County charges were filed. Rather, Werner's Randolph County case was already "midstream" when he was arrested in Wayne County.

A more factually analogous case—in which we came to the opposite conclusion—is *Rust v. State*, 792 N.E.2d 616 (Ind.Ct.App.2003), *trans. denied.* In *Rust*, the defendant was arrested on charges filed in Marion County. He appeared in Marion County at his initial hearing, but failed to appear for a subsequent hearing in that county and also failed to appear for an unrelated hearing in Hancock County. Both counties issued warrants for Rust's arrest. Rust surrendered in Hancock County and filed a notice of surrender in Marion County on October 22, 2001, to inform the court that he was being held in the Hancock County Jail. He pled guilty in Hancock County, and, after serving his sentence, he was released and brought to Marion County. As more than 365 days had passed since he was arrested in Marion County, Rust filed a motion for discharge pursuant to Rule 4(C), and the trial court denied the motion. 792 N.E.2d at 617.

We found that once the Marion County trial court and the State were notified via the notice of surrender that Rust was incarcerated in Hancock County, the State was obligated to proceed with the case in a timely manner. "Because the [Marion County] case had already commenced pri-

---

clearly show that in fact, "[n]o reason is stated" for the October 10 continuance. Appellant's App. p. 87; *see also* Appellant's App. p.

1. The time between October 10 and November 9, therefore, may not be charged to Werner.

or to the Hancock County charges, the State could not simply wait until the Hancock County sentence was satisfied before moving forward with the Marion County charges." *Id.* at 620. Thus, while the Rule 4(C) clock was tolled when Rust failed to appear at the Marion County hearing, once he filed the notice of surrender in Marion County, it began ticking again. We concluded that because the Marion County case was midstream when Rust was incarcerated in Hancock County and because he provided a written notice of surrender to Marion County, his motion for discharge should have been granted. *Id.*

As in *Rust*, Werner's Randolph County case was midstream when he was incarcerated in Wayne County. Although the State contends that the Randolph County case was not midstream because Werner's initial hearing had not yet taken place when he was arrested in Wayne County, we find that argument to be unpersuasive. Werner had already been arrested, charged, and appeared in court in Randolph County by the time that he was arrested in Wayne County. Based on those facts, we can only conclude that his Randolph County case was midstream when he was arrested.

■ But unlike Rust, Werner did not file a written notice of surrender in Randolph County to inform the State and court personnel that he was incarcerated in Wayne County. Rather, he had two individuals make telephone calls to the court to inform personnel of his incarceration. As noted by the trial court, *Rust*

does not explicitly require that a written notice be filed. Appellant's App. p. 71. Our research has revealed no other case to have addressed whether a defendant whose case is midstream in one county and who is subsequently arrested on unrelated charges in another county must provide formal written notice of his incarceration to the court and the State to avoid the tolling of the Rule 4(C) clock. We hold that he must.

Our judicial system has traditionally required a significant degree of formality from its participants, and with good reason. Trial courts have substantial case loads and complicated dockets to manage, and, if we did not require that litigants communicate with each other and the court formally and in writing, the system would soon devolve into chaos. There is simply no guarantee that a telephone message relayed to someone in a bailiff's office or clerk's office would be communicated to the court or to the other involved parties.[4] As the trial court queried, "without some sort of notice actually filed and made a part of the record how can it be known that the State received notice[?]" Appellant's App. p. 90. We are sympathetic to Werner's argument that he was unrepresented by counsel at the time he attempted to communicate his Wayne County incarceration to the trial court and that he did the best that he could under those circumstances, but we cannot have a different set of procedural requirements for pro se parties than we do for represented parties. *See Rickels v. Herr*, 638 N.E.2d 1280, 1283 (Ind.Ct.App.1994) (holding that pro se liti-

---

4. We note that in a similar context, when a defendant fails to appear in court, his bail bondsman must either produce the defendant or *"prove"* that the defendant's appearance was prevented, inter alia, by incarceration in another jurisdiction. Ind.Code § 27–10–2–12. While "prove" is not defined, we have determined in the past that it means "produc-

tion of proof." *Johnson v. State*, 567 N.E.2d 146, 147 (Ind.Ct.App.1991). In *Johnson*, the bail bondsman produced proof of the defendant's incarceration by filing an affidavit explaining the situation. *Id.* We should require no more and no less from the defendant himself than we require of his bail bondsman.

gants are held to same rules of procedure that attorneys are bound to follow).

Werner did not provide a written notice of surrender to Randolph County of his incarceration in Wayne County. The Rule 4(C) clock therefore tolled for the 142 days between his failure to appear in Randolph County on January 2, 2001, and his release from the Wayne County Jail on May 23, 2001. After taking into account the days that are chargeable to Werner due to his request for a continuance and his failure to provide a written notice of surrender, only 257 days had passed on November 2, 2001, when the trial court set Werner's trial date. Werner was obligated to object to the trial date at that time, but he did not. He has therefore waived any Rule 4(C) argument.

The judgment of the trial court is affirmed.

KIRSCH, C.J., concurs.

ROBB, J., dissents with opinion.

ROBB, Judge, dissents with opinion.

I respectfully dissent. I disagree with the majority's conclusion that "a defendant whose case is midstream in one county and who is subsequently arrested on unrelated charges in another county must provide formal written notice of his incarceration to the court and the State to avoid the tolling of the Rule 4(C) clock." Op. at 31. In this particular case, I would hold that written notice is not required and would hold that the oral notice provided by Werner was sufficient to keep the Rule 4(C) clock running.

As the majority acknowledges, there is no formal written notification requirement. I acknowledge that written notice is the easiest and best proof that notice has in fact been given, and I understand the difficulties that could be encountered if we held that oral notification was sufficient in all cases. Thus, if there is a dispute about whether notice has been given, I agree that notification in writing would be required. But in this case, there seems to be no dispute that the trial court received one or both of the telephone calls made on Werner's behalf to inform the court of his incarceration in Wayne County. Under these circumstances, I would hold that Werner sufficiently notified the trial court of his incarceration and would not charge him with the 142 days in question. I would accordingly hold that Werner's trial date was set outside the Rule 4(C) period, and reverse the trial court's denial of his motion for discharge.