# FOR PUBLICATION



FILED

Sep 10 2013, 5:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KELVIN FULLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1212-CR-520 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-0708-FB-82

**September 10, 2013**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Kelvin Fuller (Fuller), appeals the trial court's denial of his motion to discharge pursuant to Indiana Rule of Criminal Procedure 4(C).

We affirm.

## ISSUE

Fuller raises one issue which we restate as: Whether the trial court abused its discretion by denying his motion to discharge in accordance with Ind. Crim. Rule 4(C).

## FACTS AND PROCEDURAL HISTORY

On August 3, 2007, the State filed an Information in Lake County superior court, charging Fuller with Count I, robbery, a Class B felony, Ind. Code § 35-42-5-1; Count II, confinement, a Class C felony, I.C. § 35-42-3-3; Count III, strangulation, a Class D felony, I.C. § 35-42-2-9; and Count IV, intimidation, a Class D felony, I.C. § 35-45-2-1. At the time the State filed the Information, Fuller was at large and the State requested that a warrant be issued for his arrest. On December 15, 2008, Fuller was convicted of bank robbery in Wyoming. Around January 9, 2009, Lake County, Indiana was notified that Fuller was incarcerated in Laramie County, Wyoming. As a result, on January 13, 2009, Lake County prosecutors sought his extradition by initiating interstate rendition proceedings. However, instead of being extradited to Lake County, Fuller was convicted of aggravated assault in Laramie County, Wyoming and sentenced to "not less than nine (9) years and not more than ten (10) years" in the Wyoming Department of Correction. (Appellant's App. p. 39). Thereafter, On May 15, 2009, Fuller was extradited to Indiana.

2

On June 17, 2009, Doug Barnes, the Unit Team Case Manager of the Hamilton County Sheriff's Department, read Fuller the Lake County warrant while also serving him with a Hamilton County warrant. On April 30, 2010, Fuller was convicted of escape in LaPorte County, Indiana and sentenced to four years in the Indiana Department of Correction. Then, on September 21, 2009, February 2011, and May 2011, Fuller attended hearings in Hamilton County on unrelated charges and was sentenced to four years executed. On July 29, 2010, Fuller also appeared in Madison County court on unrelated charges.

On June 13, 2012, Fuller filed a motion to discharge the instant charges, which originated in Lake County, pursuant to Crim. R. 4(C). On July 6, 2012, the State filed its motion in opposition and the trial court denied Fuller's motion the same day. On August 15, 2012, an initial hearing was held where Fuller was served with the arrest warrant. On October 11, 2012, Fuller filed a motion to reconsider the trial court's denial of his request for discharge. On October 17, 2012, after a hearing, the trial court denied the motion to reconsider and certified its ruling for interlocutory appeal. On February 4, 2013, we accepted jurisdiction over the interlocutory appeal.

Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Fuller argues that the trial court abused its discretion by denying his motion to discharge pursuant to Crim. R. 4(C), which provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there

3

was not sufficient time to try him during such period because of congestion of the court calendar. . . . Any defendant so held shall, on motion, be discharged.

Criminal Rule 4 implements the defendant's constitutional right to a speedy trial. *State v. Jackson*, 857 N.E.2d 378, 380 (Ind. Ct. App. 2006). Under this rule, the State has an affirmative duty to bring the defendant to trial within one year of being charged or arrested, subject to the listed exceptions. *Cook v. State*, 810 N.E.2d 1064, 1065 (Ind. 2004). The defendant has no obligation to remind the court of the State's duty, nor is he required to take any affirmative action to see that he is brought to trial within the statutory time period. *State v. Smith*, 495 N.E.2d 539, 541 (Ind. Ct. App. 1986). When a defendant makes a motion for discharge pursuant to Criminal Rule 4, the burden is on the defendant to show that he has not been timely brought to trial and that the defendant is not responsible for the delay. *Martin v. State*, 419 N.E.2d 256, 259 (Ind. Ct. App. 1981).

Focusing on the start date of the one-year time period under Crim. R. 4(C), Fuller argues that the "commencement of extradition proceedings constitutes an arrest in that it is an order for a defendant's return by the charging court." (Appellant's Br. p. 5). As such, he maintains that he was in the "custody of the Indiana Department of Correction for more than three years before he filed his [m]otion to [d]ismiss and the State took any action on the case." (Appellant's Br. p. 5).

In *Sweeney v. State*, 704 N.E.2d 86, 100 (Ind. 1998), our supreme court held that the Crim R. 4(C) clock begins when the defendant has been brought within Indiana's jurisdiction and control: "[A] defendant being brought to Indiana is equivalent to an 'arrest' and thus the one[-]year period for determining a violation of Crim. R. 4(C)

4

commence[s][.]" Likewise, Indiana has long held that Crim. R. 4 does not apply when a person is incarcerated in a foreign jurisdiction. *Fisher v. State*, 933 N.E.2d 526, 529 (Ind. Ct. App. 2010). Accordingly, Fuller's Crim. R. 4(C) clock commenced on May 15, 2009 when he returned to Indiana's jurisdiction.

However, attempting to toll the one-year statutory term, the State now contends that "[b]ecause the Lake County Prosecutor's Office and the Lake County courts did not have actual notice of [Fuller's] whereabouts until approximately June 13, 2012, when he filed his motion to dismiss, the trial court properly denied [Fuller's] motion for discharge." (Appellee's Br. p. 8).

In support of its argument, the State relies on *Werner v. State*, 818 N.E.2d 26 (Ind. Ct. App. 2005), *trans. denied*. Werner was arrested in Randolph County and charged in September 2000. *Id*. at 27. He appeared at his initial hearing where he requested a continuance. *Id*. at 28. The trial court granted the continuance and subsequently rescheduled several more times. *Id*. In November 2000, Werner was arrested in Wayne County, and someone called the Randolph County clerk's office to inform the office of Werner's incarceration. *Id*. When Werner failed to appear for a hearing in January 2001, the Randolph County court rescheduled again. *Id*. Werner's bond agent later called the bailiff and informed him that Werner was incarcerated in Wayne County. *Id*. After further delays, Werner filed a motion for discharge pursuant to Crim. R. 4(C) in March 2003. *Id*. The trial court denied the motion. *Id*. On appeal, the State argued that Werner should be charged with 142 days—the time that passed between January 2001 when he failed to appear for his initial hearing as he was incarcerated in Wayne County and the

5

date when he was released from Wayne County jail—because Werner had failed to provide written notice that he was incarcerated in Wayne County. *Id*. at 30.

Noting that Werner's case in Randolph County was midstream when he was incarcerated in Wayne County, *i.e*, Werner had been arrested, charged and appeared in Randolph County by the time he was arrested in Wayne County, we held that Werner was required to provide formal written notice of his incarceration to the trial court and the State to avoid tolling of the Crim. R. 4(C) clock. *Id*. at 31. Otherwise, the *Werner* court reasoned, there is simply no way to determine whether sufficient notice was given to the trial court to notify it of the defendant's whereabouts. *Id*. "Trial courts have substantial case loads and complicated dockets to manage, and if we did not require that litigants communicate with each other and the court formally and in writing, the system would soon devolve into chaos." *Id*. As such, the *Werner* court concluded that the Rule 4(C) clock tolled for 142 days. *Id*. at 32. We find *Werner* to be inapposite as Fuller's Lake County case was not midstream when he was extradited to Indiana. In fact, Fuller had not yet even appeared in the trial court.

More on point is *Fueston v. State*, 953 N.E.2d 545 (Ind. Ct. App. 2011). Fueston was arrested in Jay County and charged with theft. *Id*. at 546. While out on bond, he failed to appear at his pre-trial conference and he was later arrested in Delaware County on an unrelated charge. *Id*. Fueston remained incarcerated in Delaware County and no action was taken in Jay County until Fueston, acting *pro se*, filed a motion requesting final disposition of charges/detainers in his Jay County case. *Id*. Fueston was appointed

counsel, who filed a motion for discharge under Crim. R. 4(C), which was denied by the trial court. *Id.*

Presenting evidence indicating that there had been a facsimile communication between the Jay County and Delaware County jails, Feuston argued, among others, that Jay County was aware of his whereabouts and could have brought him to trial within the one-year period. *Id.* at 551. We disagreed and held that "the knowledge of a police or correctional officer should not be imputed to the trial court or prosecutor in these circumstances." *Id.* We concluded that the purpose of Crim. R. 4(C) is to promote early trials and not to discharge defendants. *Id.* Unnecessary delays will not be deterred by granting discharges in cases where the trial court and prosecutor did not have actual knowledge of the defendant's whereabouts. *Id.* "This is true regardless of whether some other agent of the State has this knowledge." *Id.*

In a separate concurrence in result, Chief Judge Robb disputed the soundness of the actual knowledge requirement by the trial court and prosecutor and instead cautioned that the issue of notification is extremely fact sensitive. *Id.* at 553. She noted that if there is indisputable evidence that officials at the Jay County jail were aware Feuston was incarcerated in the Delaware County jail during the pendency of his Jay County case and indisputable evidence of when they became aware of Feuston's incarceration, the trial court and prosecutor would be sufficiently notified of the defendant's whereabouts to commence the Rule 4(C) clock as of that date. *Id.*

Similarly, here, Fuller is pointing to what purports to be a facsimile communication sent by the Lake County "Sheriff Warrants" to "Doug Barnes Del" on

7

May 22, 2009. (Appellant's App. p. 81). The facsimile details the Lake County cause number, charges and the fact that a warrant was issued for Fuller's arrest. Although the remark section of the facsimile indicates that Fuller will be "going to Madison Co, IN first" after being extradited to Indiana, there is no notation indicating when this would occur. (Appellant's App. p. 81). The communication fails to indicate who sent it, at whose direction, and for what reason. Although the evidence reflects that Doug Barnes, the Unit Team Case Manager of the Hamilton County's Sheriff's Department read Fuller the Lake County warrant while also serving him with a Hamilton County warrant, this fact does not reflect on the knowledge of the Lake County prosecutor or trial court.

It is Fuller's burden on appeal to give us a record that supports his claims. *See Delao v. State*, 940 N.E.2d 849, 852 (Ind. Ct. App. 2011). At best, Fuller presented us with some evidence *suggesting* that Lake County sheriff's department might have been aware of Fuller's incarceration in Indiana. However, because the record does not show that the Lake County prosecutor or trial court were actually aware of Fuller's return to Indiana's jurisdiction prior to Fuller's filing of his motion to discharge on June 13, 2012, the Crim. R. 4 (C) clock did not start until that date. Therefore, the trial court properly denied Fuller's motion.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly denied Fuller's motion to discharge in accordance with Crim. R. 4(C).

Affirmed.

KIRSCH, J. and ROBB, C. J. concur

8