## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 18 2020, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard L. Brown,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 18, 2020<br><br>Court of Appeals Case No.<br>20A-CR-711<br><br>Appeal from the Marshall Superior Court<br><br>The Honorable Robert O. Bowen, Judge<br><br>Trial Court Cause No.<br>50D01-1611-F4-38 |

**Najam, Judge.**

# Statement of the Case

Richard L. Brown appeals the trial court's denial of his motion for discharge under Indiana Criminal Rule 4(C). We affirm.

# Facts and Procedural History

On November 14, 2016, the State charged Brown with dealing in a narcotic drug, as a Level 4 felony, and dealing in a controlled substance, as a Level 5 felony. That same day, the trial court issued an arrest warrant for Brown.

Eleven months later, in October of 2017, Brown wrote a letter to the court. That letter stated in relevant part as follows:

> My name is Richard Brown S[r.] and I'm writting [sic] in regardes [sic] of my court date. I'm asking if you can file a motion to transport to establish a court date to get this started so I can get the holds they have on me lifted, and so I can enter a plea of not guilty . . . .

Appellant's App. Vol. II at 38. However, Brown's letter did not include a facility name or location of his apparent incarceration or an inmate number that the State or court might have used to locate him.

In March of 2019, Brown, *pro se*, filed his motion for discharge pursuant to Indiana Criminal Rule 4(C). In that motion, Brown stated that he was entitled to be discharged from the pending Level 4 and Level 5 felony charges because more than 800 days had passed since he had been "arrested." *Id.* at 42. In the signature block for his motion, Brown, for the first time, informed the court that

he was presently incarcerated at the Westville Correctional Facility and included his Department of Correction identification number. Less than one week later, the court set Brown's pending charges for an initial hearing.

[5] Thereafter, the court denied Brown's motion for discharge and found him guilty of the Level 4 and Level 5 offenses following a bench trial. The court entered its judgment of conviction and sentenced Brown accordingly. This appeal ensued.

## Discussion and Decision

[6] Brown appeals the trial court's denial of his motion for discharge under Criminal Rule 4(C). As our Supreme Court has stated:

> Criminal Rule 4(C) "provides that a defendant may not be held to answer a criminal charge for greater than one year unless the delay is caused by the defendant, emergency, or court congestion." *Pelley v. State*, 901 N.E.2d 494, 497 (Ind. 2009). We review a trial court's ruling on a Rule 4(C) motion for abuse of discretion. *Bowman v. State*, 884 N.E.2d 917, 919 (Ind. Ct. App. 2008), *trans. denied*.

*Curtis v. State*, 948 N.E.2d 1143, 1148-49 (Ind. 2011) (footnote omitted).

[7] We have held that a defendant who is incarcerated in one county and charged with "unrelated," new offenses in a second county "must provide formal written notice of his incarceration to the court" in the second county "and the State to avoid the tolling of the Rule 4(C) clock." *Werner v. State*, 818 N.E.2d 26, 31 (Ind. Ct. App. 2004), *trans. denied*. As we explained:

> Our judicial system has traditionally required a significant degree of formality from its participants, and with good reason. Trial courts have substantial case loads and complicated dockets to manage, and, if we did not require that litigants communicate with each other and the court formally and in writing, the system would soon devolve into chaos.

*Id.*

[8] There is no question that Brown's October 2017 letter to the court did not provide the court with "formal written notice of his incarceration." *Id.* Rather, Brown's October 2017 letter merely alluded to some apparent incarceration somewhere. It did not identify where, or even that it was in Indiana, and it did not inform the court of an identification number that might have given the court and the State a clear basis for locating him. It was not until Brown's March 2019 motion for discharge that he provided that information to the court. Accordingly, the Rule 4(C) clock was tolled until the court located Brown, which happened contemporaneously with his motion for discharge.

[9] Indeed, Brown does not suggest otherwise on appeal. Rather, he asserts that the charges for which he was incarcerated at the Westville Correctional Facility were not "unrelated" to the Level 4 and Level 5 charges here. Brown's convictions underlying his incarceration at the Westville Correctional Facility were based on controlled drug buys in Pulaski County in April and May of 2016. The facts underlying his convictions for the Level 4 and Level 5 felonies here were based on controlled drug buys in Marshall County in July of 2016. The narcotics involved in each county were different narcotics, though the same

confidential informant was used for the several drug buys, and Brown notes on appeal that Pulaski County and Marshall County "share a common border." Appellant's Br. at 9. We are not persuaded by Brown's assertions on appeal. We hold that the offenses that led to Brown's placement at the Westville Correctional Facility and the offenses underlying his instant convictions were "unrelated" and, as such, the trial court did not err when it denied Brown's motion for discharge.

[10] Affirmed.

Bradford, C.J., and Mathias, J., concur.