**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 06 2013, 5:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**T. EDWARD PAGE**
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN GARBACZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1303-CR-87 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### INTERLOCUTORY APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Jesse M. Villalpando, Judge
Cause No. 45D12-1006-FD-197

**November 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

On June 7, 2010, Appellant-Defendant John Garbacz was charged with nine separate criminal offenses and one traffic violation for actions that resulted in an automobile accident. Pursuant to Garbacz's right to a speedy trial, Garbacz was entitled to be brought to trial within one year of being charged. "The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution." *Cole v. State*, 780 N.E.2d 394, 396 (Ind. Ct. App. 2002) (citing *Clark v. State*, 659 N.E.2d 548, 551 (Ind. 1995)), *trans. denied*. The provisions of Indiana Rule of Criminal Procedure 4 provides further protection of a defendant's speedy trial right. *Clark*, 659 N.E.2d at 551. Criminal Rule 4(C) provides that "a defendant may not be held to answer a criminal charge for greater than one year unless the delay is caused by the defendant, emergency, or court congestion." *Pelley v. State*, 901 N.E.2d 494, 497 (Ind. 2009); *see also* Crim. R. 4(C). "A defendant extends the one-year period by seeking or acquiescing in delay resulting in a later trial date." *Pelley*, 901 N.E.2d at 498 (citing *Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind. 1999)). In addition, "[a] defendant waives his right to be brought to trial within the period by failing to raise a timely objection if, during the period, the trial court schedules trial beyond the limit." *Id*. at 498-99.

Here, with regard to setting the matter for trial, there were initially numerous delays which could properly be attributed to Garbacz. The last of these delays, however, ended on July 25, 2011, and it is undisputed that the one-year period began to run on that date. During a hearing conducted on July 25, 2011, the trial court scheduled the matter for trial on July 19, 2012. It is also undisputed that Garbacz did not object to this trial date and thus waived any

2

right to claim a Criminal Rule 4(C) violation with respect to that date. Thus, Garbacz's trial could have occurred on July 19, 2012, without violating Criminal Rule 4. Garbacz's trial, however, did not occur on this date.

Prior to the July 19, 2012 trial date, the State requested a continuance of trial for the reason of "discovery review, investigation, and negotiation." Appellant's App. p. 45. The stated reasons for the delay do not fall within any exception to the Criminal Rule 4 exceptions. *See* Crim. Rule 4(D). Garbacz objected to any delay past July 19, 2012. July 19, 2012, passed without a trial.

On January 9, 2013, Garbacz filed a motion to discharge, claiming that the State failed to bring him to trial within one year of the last delay attributable him as required by Criminal Rule 4. During a hearing on Garbacz's motion, the State conceded that Garbacz's motion should be granted because it failed to bring Garbacz to trial by July 19, 2012. The trial court, nevertheless, denied Garbacz's motion.

On appeal, the State concedes that the Criminal Rule 4(C) period expired as of July 19, 2012, that Garbacz objected to the delay when it was still possible to bring him to trial on July 19, 2012, and that Garbacz did not acquiesce in the delay or waive his objection to the delay. The State further concedes that the reason for the delay does not fall within the Criminal Rule 4 exceptions and that the delay was not caused by either the defendant or court congestion. As such, the State concedes that the trial court abused its discretion in denying Garbacz's motion for discharge. We agree. Accordingly, we reverse the judgment of the trial court and remand with instructions for the trial court to grant Garbacz's motion to

3

discharge.[1]

The judgment of the trial court is reversed, and the matter is remanded with instructions.

BAILEY, J., and MAY, J., concur.

---

[1] We note that the State has filed a verified motion to remand in which it asks this court to remand the matter to the trial court with the instruction to grant Garbacz's motion for discharge. Because we resolve all issues raised in the State's motion in this memorandum decision, we deny the State's motion as moot.