BARNES, Judge,
dissenting.
[16] I respectfully dissent. While I believe that trial judges, clerks, prosecutors, and other court personnel should not be obligated to do a defendant’s work on his or her behalf, I cannot agree -with the majority that the first time the State and the trial court received ■ actual notice of Allen’s incarceration was April 23, 2014.
[17] To review, on October 16, 2012, at a pretrial conference, Allen and the. trial court had a discussion about Allen recently having been sentenced to a ten-year term in the Department of Correction (“DOC”) on an unrelated case. See Tr. p. 108-09. There was also a discussion about whether Allen would be detained in the Marion County Jail or the DOC while these charges were resolved. See id. at 110. This is on the record in a formal proceeding.
[18] Then, at the January 23, 2013 trial, defense counsel inexplicably did not file a transport order or inform the trial court that Allen was incarcerated, and a warrant was issued for Allen’s arrest. Even if, as the majority concludes, the delay from defense counsel’s failure to obtain a transport order is attributable to Allen, I believe that once the trial court and the State were notified of Allen’s incarceration, the State was obligated to proceed with the case in a timely manner. See Rust v. State, 792 N.E.2d 616, 620 (Ind.Ct.App.) (concluding that Criminal Rule 4(C) clock was tolled when defendant failed to appear but restarted once the trial court and State were notified of defendant’s incarceration in another county), trans. vacated.
[19] On September 5, 2013, Allen filed a pro se “Verified Petition.for the Resolution of Detainer” informing the trial court that he was presently incarcerated at the Putnamville Correctional Facility. App. p. 23. Although the State asserts this was filed in the wrong court, the petition must have made its way to the correct court because, on September 10, 2013, the trial *65 court struck the pro se petition based on Allen’s representation by counsel. The petition’s certificate of service and the trial court’s order indicate that the State was made aware of these filings. Although I agree with the majority that the trial court was not required to address the merits of Allen’s pro se petition because he was represented by counsel, I believe Allen’s petition was sufficient to serve as formal written notice of his incarceration as we have previously required from a defendant incarcerated in one county and facing charges in another. See Werner v. State, 818 N.E.2d 26, 31 (Ind.Ct.App.2004) (holding that a defendant facing charges in one county is required to provide formal written notice to the State and the trial court of his or her incarceration in another county to avoid the tolling of the Rule 4(C) clock).
(20] Alen informed the trial court of his incarceration in person on the record at the October 2012 pretrial conference. Even if this actual notice of his incarceration was not sufficient to preserve Alen’s Rule 4(C) rights, I believe that Alen’s September 5, 2013 pro se petition was. If these attempts at notification were not sufficient, what else was Alen to do?
[21] I know this case arose in Marion County, where the criminal ease overload is, at times, chaotic; however, Alen did what he could to protect his rights. A-though I am not a fan of discharges pursuant to Criminal Rule 4(C), I would recalculate the time in a manner that reflects the attempt(s) by Alen to notify the trial court of his whereabouts. If that results in discharge, so be it.