

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Travis Allen,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 14, 2015<br><br>Court of Appeals Case No.<br>49A05-1410-CR-501<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Linda E. Brown, Judge<br><br>Cause No. 49F10-1112-CM-86414 |

**Najam, Judge.**

## Statement of the Case

[1]     Travis Allen appeals his convictions for operating a vehicle while intoxicated, as a Class A misdemeanor; driving with a suspended license, a Class A

misdemeanor; and driving without a license, as a Class C felony; following a bench trial.[1] Allen presents two issues for our review:

1. Whether the trial court erred when it denied his motion for discharge pursuant to Criminal Rule 4(C).

2. Whether the delay in bringing him to trial violated his right to a speedy trial as guaranteed by the United States and Indiana Constitutions.

We affirm.

## Facts and Procedural History

[2] On December 9, 2011, Indiana State Police Trooper Chris Townsend arrested Allen for driving while intoxicated. Also on that date, the State charged Allen with four offenses related to that incident, and Allen was released on bond. Allen subsequently was arrested and jailed for an unrelated offense in Cause No. 49G20-1204-FB-25327 ("FB-25327").[2] And on May 15, 2012, pursuant to a local rule, the trial court transferred the instant case to the trial court handling FB-25327. After Allen pleaded guilty in FB-25327, and after the trial court sentenced him to ten years in that case, the instant case was transferred back to the original trial court on October 15, 2012. At a pre-trial conference on October 16, the trial court scheduled a bench trial for January 23, 2013. During

---

[1] The parties do not explain how Allen could be convicted both of driving with a suspended license and driving while never having had a valid license. Those two offenses appear to be incompatible.

[2] The parties do not provide any information about the offense or offenses alleged in that unrelated cause.

that pre-trial conference, Allen notified the trial court that he had just been sentenced to ten years in the Department of Correction in the other cause, and the court reporter advised Allen and his counsel that his counsel would have to file a transport order for Allen to be present at his trial.

[3] On January 23, 2013, the State and defense counsel were present and ready for trial, but Allen was not there.[3] The trial court issued a "Rearrest Warrant with Bond set in the amount of $5000[.]" Appellant's App. at 7.

[4] On September 5, 2013, Allen filed a pro se Verified Petition for Resolution of Detainer. On September 10, the trial court struck Allen's pro se petition because he was represented by counsel. And on April 23, 2014, Allen, by his counsel, filed his motion to discharge pursuant to Criminal Rule 4(C). The trial court denied that motion following a hearing on June 25. Following a bench trial on October 8, 2014, the trial court found Allen guilty on all four charges, but entered judgment on only three, namely, operating a vehicle while intoxicated, as a Class A misdemeanor; driving with a suspended license, a Class A misdemeanor; and driving without a license, as a Class C felony. The trial court sentenced Allen accordingly. This appeal ensued.

---

[3] At the subsequent hearing on Allen's Criminal Rule 4(C) motion, the State argued that defense counsel did not appear to know where Allen was and, in any event, did not notify the court that Allen was incarcerated on that date.

## Discussion and Decision

### *Issue One:  Criminal Rule 4(C)*

Allen contends that he is entitled to discharge under Indiana Criminal Rule 4(C).  Criminal Rule 4(C) provides that a defendant may not be held to answer a criminal charge for greater than one year unless the delay is caused by the defendant, emergency, or court congestion.  *Curtis v. State*, 948 N.E.2d 1143, 1148 (Ind. 2011).  We review a trial court's ruling on a Rule 4(C) motion for abuse of discretion.  *Id.* at 1149.

Allen maintains that, from the time that the charges were filed against him on December 9, 2011, until his first trial date on January 23, 2013, there are "294 days attributable to the State for the delay."[4]  Appellant's Br. at 6.  And Allen contends that, because "the State and court w[ere] on notice that [Allen] was in the Department of Correction[] on January 23, 2013[,] and he was not brought to trial until the court set the matter for trial on June 25, 2014[,]" an additional 502 days of delay are charged to the State, for a total of 796 days charged to the State.  *Id.* at 7.  In the alternative, Allen contends that he gave written notice to the State and the trial court that he was incarcerated on September 10, 2013,[5]

---

[4]  The State contends that it should only be charged with 153 days up to January 23, 2013, but, for ease of discussion on appeal, we accept the defendant's calculations of the delays leading up to January 23, 2013.

[5]  That Verified Petition is file-stamped September 5, 2013.

when he filed his Verified Petition for Resolution of Detainer. Thus, he alternatively maintains that at least 566 days are chargeable to the State.

[7] But the State maintains that, because on January 23, 2013, "[n]either the State nor the trial court w[as] advised that Allen was still in the DOC, . . . the time that follows was attributable to Allen's actions of failing to appear for trial." Appellee's Br. at 11. In support of that contention, the State points out that, at the June 25, 2014, hearing on the motion for discharge, the trial court stated that, had defense counsel informed the trial court on January 23, 2013, that Allen was incarcerated on that date, it "would have documented that[,]" and there was no such documentation. Tr. at 22. Thus, Allen's failure to appear at his trial was unexplained. Allen's next contact with the court after the January 2013 trial date was his pro se September 5, 2013, Verified Petition for Resolution of Detainer. In that petition, Allen stated that he was incarcerated. However, the trial court struck that petition because Allen was represented by counsel. Our supreme court has stated that, "once counsel [is] appointed, [a d]efendant sp[eaks] to the court through counsel." *Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000). Thus, here, the trial court was not required to accept the petition for filing and properly struck it. *See id*; *see also Schepers v. State*, 980 N.E.2d 883, 887 (Ind. Ct. App. 2012) (holding trial court properly denied defendant's motion to dismiss under Criminal Rule 4(B)(1) where he had filed motion *pro se* while represented by counsel).

[8] Hence, the first time the State and the trial court received actual notice of Allen's incarceration was on April 23, 2014, when Allen filed his motion for

discharge. The State contends, then, that Allen is charged with the delay from January 23, 2013, until April 23, 2014, as well as the delay from April 23, 2014, until June 25, 2014, the date of the hearing on Allen's motion, for a total of 518 days. The State concedes that it should be charged for the delay from June 25, 2014, until July 29, 2014, when Allen requested another continuance, which represents thirty-four days. The State contends that Allen is charged with the thirty-six day delay from July 29, 2014, until September 3, 2014, because of his motion to continue his trial, which had been scheduled for August 5, 2014, and which the court rescheduled for September 3. Finally, the State is charged with thirty-five days from September 3, 2014, until Allen's trial on October 8, 2014.

[9] Again, at the October 16, 2012, pre-trial conference, Allen advised the trial court, in the presence of the State, that he had just been sentenced to ten years in FB-25327. Allen maintains that that notice, in open court, was sufficient notice of his whereabouts and he should not be charged with the delay that resulted from his failure to appear at his January 23, 2013, trial.

[10] However, at the October 16, 2012, pre-trial conference, the court reporter instructed defense counsel that he would have to file a transport order for Allen's appearance at the trial. In other words, defense counsel was responsible for making sure that Allen would appear at his trial, and, on appeal, Allen does not explain defense counsel's failure to obtain a transport order. At the very least, defense counsel should have notified the trial court of Allen's incarceration on January 23, 2013, and, again, Allen offers no explanation for defense counsel's failure to explain Allen's absence on that date. It is well

settled that "the action of a defendant's counsel is considered the action of the defendant" in determining who caused a delay for purposes of Criminal Rule 4(C). *Cook v. State*, 810 N.E.2d 1064, 1068 (Ind. 2004). Here, defense counsel's failure to obtain a transport order and failure to explain Allen's absence is attributable to Allen, and Allen is charged with 518 days from January 23, 2013, until June 25, 2014, the date the trial court denied his motion for discharge.[6]

[11] The State is charged for thirty-four days from June 25, 2014, until July 29, 2014, the date that Allen filed a motion to continue his trial. Allen is charged for thirty-six days from July 29, 2014, until September 3, 2014, the next scheduled date of his trial. The record is silent as to why Allen's trial was continued from September 3, 2014, until it was finally held on October 8, 2014, so that is another thirty-five days charged to the State. *See Curtis*, 948 N.E.2d at 1151. In all, then, the State is charged with 294 days from December 9, 2011, to January 23, 2013; thirty-four days from June 25, 2014, until July 29, 2014; and thirty-five days from September 3, 2014, until October 8, 2014; for a total of 363 days of delay charged to the State, which is less than one year. Thus, we hold that Allen was not entitled to discharge under Criminal Rule 4(C), and the trial court did not abuse its discretion when it denied that motion.

---

[6] Again, the trial court properly struck Allen's September 5, 2013, Verified Petition for Resolution of Detainer because he filed it pro se while he was represented by counsel. Thus, Allen's attempt to notify the trial court of his incarceration on that date was for naught.

## *Issue Two: Constitutional Claims*

[12]    Finally, Allen contends that the State's delay in bringing him to trial violates his right to a speedy trial as guaranteed by the United States and Indiana Constitutions.

> Although Indiana Criminal Rule 4 generally implements the constitutional right of a criminal defendant to a speedy trial, thereby establishing time limits and providing for discharge in the event that limits are exceeded, our review of Rule 4 challenges is "separate and distinct" from our review of claimed violations of the speedy trial rights secured by the Sixth Amendment of the U.S. Constitution and Article 1, Section 12 of the Indiana Constitution.

*Logan v. State*, 16 N.E.3d 953, 958 (Ind. 2014) (quoting *Austin v. State*, 997 N.E.2d 1027, 1037 n.7 (Ind. 2013)).

> The Sixth Amendment to the U.S. Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial," U.S. Const. amend. VI. Article 1, Section 12 of the Indiana Constitution states, in applicable part, that "[j]ustice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Ind. Const. art. 1, § 12. . . . To resolve claimed speedy trial violations under our state constitution, we apply the federal speedy trial analysis of *Barker v. Wingo*, 407 U.S. 514, (1972). *Crawford v. State*, 669 N.E.2d 141, 145 (Ind. 1996) (citing *Fortson v. State*, 269 Ind. 161, 379 N.E.2d 147 (1978)). In *Barker*, the United States Supreme Court identified four factors to balance when considering whether the defendant has been deprived of his or her right to a speedy trial: (1) length of the delay; (2) reason(s) for the delay; (3) defendant's assertion of his or her right; and (4) prejudice to the defendant.

407 U.S. at 530. The Court characterized this approach as "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.*

*Id.* at 961-62.

[13] Here, in support of his contention on this issue, Allen states that, "[f]or a delay to be this long, witness memories and recollections can be compromised. All four [*Barker*] factors are in [Allen's] favor and they are not the result of [Allen's] efforts to manipulate the system." Appellant's Br. at 10. He maintains that, whether the State is charged with 796 days or 566 days, the delay "cannot ever be justified or excused." *Id.* at 9. And he states that "[h]e told everyone he would be in the Department of Correction[]," so there is no excuse for the delay. *Id.*

[14] But, again, we hold that the State is charged with 363 days, not 566 or 796, and Allen is charged with the majority of the delay in scheduling a trial date. And Allen has not shown any specific prejudice he has suffered by the delay, other than to speculate that "witness memories and recollections can be compromised." Appellant's Br. at 10. We agree with the State that the evidence against Allen is straightforward, and any prejudice to Allen from the delay is minimal, if any. We cannot say that the State's delay in bringing Allen to trial violated his constitutional rights to a speedy trial.

[15] Affirmed.

Kirsch, J., concurs.

Barnes, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Travis Allen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

Court of Appeals Cause No.
49A05-1410-CR-501

**Barnes, Judge, dissenting.**

I respectfully dissent. While I believe that trial judges, clerks, prosecutors, and other court personnel should not be obligated to do a defendant's work on his or her behalf, I cannot agree with the majority that the first time the State and the trial court received actual notice of Allen's incarceration was April 23, 2014.

To review, on October 16, 2012, at a pretrial conference, Allen and the trial court had a discussion about Allen recently having been sentenced to a ten-year term in the Department of Correction ("DOC") on an unrelated case. *See* Tr. p. 108-09. There was also a discussion about whether Allen would be detained in

the Marion County Jail or the DOC while these charges were resolved. *See id.* at 110. This is on the record in a formal proceeding.

[18] Then, at the January 23, 2013 trial, defense counsel inexplicably did not file a transport order or inform the trial court that Allen was incarcerated, and a warrant was issued for Allen's arrest. Even if, as the majority concludes, the delay from defense counsel's failure to obtain a transport order is attributable to Allen, I believe that once the trial court and the State were notified of Allen's incarceration, the State was obligated to proceed with the case in a timely manner. *See Rust v. State*, 792 N.E.2d 616, 620 (Ind. Ct. App.) (concluding that Criminal Rule 4(C) clock was tolled when defendant failed to appear but restarted once the trial court and State were notified of defendant's incarceration in another county), *trans. vacated*.

[19] On September 5, 2013, Allen filed a pro se "Verified Petition for the Resolution of Detainer" informing the trial court that he was presently incarcerated at the Putnamville Correctional Facility. App. p. 23. Although the State asserts this was filed in the wrong court, the petition must have made its way to the correct court because, on September 10, 2013, the trial court struck the pro se petition based on Allen's representation by counsel. The petition's certificate of service and the trial court's order indicate that the State was made aware of these filings. Although I agree with the majority that the trial court was not required to address the merits of Allen's pro se petition because he was represented by counsel, I believe Allen's petition was sufficient to serve as formal written notice of his incarceration as we have previously required from a defendant

incarcerated in one county and facing charges in another. *See Werner v. State*, 818 N.E.2d 26, 31 (Ind. Ct. App. 2004) (holding that a defendant facing charges in one county is required to provide formal written notice to the State and the trial court of his or her incarceration in another county to avoid the tolling of the Rule 4(C) clock).

[20] Allen informed the trial court of his incarceration in person on the record at the October 2012 pretrial conference. Even if this actual notice of his incarceration was not sufficient to preserve Allen's Rule 4(C) rights, I believe that Allen's September 5, 2013 pro se petition was. If these attempts at notification were not sufficient, what else was Allen to do?

[21] I know this case arose in Marion County, where the criminal case overload is, at times, chaotic; however, Allen did what he could to protect his rights. Although I am not a fan of discharges pursuant to Criminal Rule 4(C), I would recalculate the time in a manner that reflects the attempt(s) by Allen to notify the trial court of his whereabouts. If that results in discharge, so be it.