

**FILED**

Nov 18 2015, 6:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Robert Scott Hilligoss,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 18, 2015

Court of Appeals Case No.
34A02-1506-CR-529

Appeal from the Howard Circuit
Court

The Honorable Lynn Murray,
Judge

Trial Court Cause No.
34C01-0610-FD-247

**Najam, Judge.**

## Statement of the Case

Robert Hilligoss appeals from the trial court's revocation of his probation. Hilligoss presents two issues for our review which we restate as the following three issues:

1. Whether his probationary period had expired at the time of the violation alleged in the State's January 7, 2015, petition to revoke his suspended sentence.

2. Whether the trial court denied him his right to due process when it accepted his admission that he had violated the terms of his probation without first advising him of his constitutional rights.

3. Whether the trial court erred when it extended the term of his probation by more than one year beyond the original term of probation.

We reverse and remand with instructions.

## Facts and Procedural History

On November 18, 2009, Hilligoss pleaded guilty to theft, as a Class D felony, by a plea agreement. The trial court accepted the plea and, on February 10, 2010, the court sentenced Hilligoss to three years, with the first year on in-home detention and two years suspended to probation. On March 21, 2011, the State filed a petition to revoke Hilligoss' suspended sentence on the grounds that he had "made no contact with Probation" after his in-home detention period had ended. Appellant's App. at 79. On October 24, 2012, after Hilligoss had admitted to the violation of his probation, the trial court ordered him to serve sixteen days of his suspended sentence in jail. In addition, the trial court extended Hilligoss' original term of probation by an additional six months.

[4] On May 31, 2013, the State filed another petition to revoke Hilligoss' suspended sentence on the grounds that he had "failed to report-in as required[.]" *Id.* at 119. On February 12, 2014, after Hilligoss admitted to the violation of his probation, the trial court ordered him to serve twenty-eight days in jail. And the court extended his term of probation by another 365 days.

[5] Finally, on January 7, 2015, the State filed a petition to revoke Hilligoss' suspended sentence on the grounds that he had not reported to the probation department as required in July 2014. During a hearing on May 27, 2015, Hilligoss admitted to the violation, and the trial court revoked his probation. The trial court ordered Hilligoss to serve the entire balance of his suspended sentence, 648 days, in the Department of Correction. This appeal ensued.

## Discussion and Decision

### *Issue One: Probationary Period*

[6] Hilligoss contends that, at the time of the alleged July 2014 violation for failure to report, his probationary period had expired. Thus, he maintains that the trial court was without jurisdiction to consider the State's January 7, 2015, petition to revoke the suspended sentence. But as the State correctly points out, Indiana Code Section 35-38-2-3(c) provides that the issuance of a summons or warrant tolls the period of probation until the final determination of the charge. Hilligoss' probation began on February 10, 2011, but it was tolled for two periods of time due to alleged violations prior to the State's January 7, 2015, petition to revoke suspended sentence. In particular, the period of probation

was tolled for 583 days from March 21, 2011, until October 24, 2012, and for 257 days from May 13, 2013, until February 12, 2014. As of January 7, 2015, then, the remaining period of Hilligoss' original term of probation, even excluding the term extensions imposed by the trial court,[1] was approximately six months. Accordingly, contrary to Hilligoss' contention, the original two-year period of his probation had not expired when the State filed its petition to revoke for the alleged July 2014 violation, and the trial court had jurisdiction to consider the State's petition to revoke suspended sentence.

### Issue Two: Due Process

[7]     Hilligoss next contends that he was denied his right to due process at the probation revocation hearing. In particular, he maintains that, prior to admitting he had violated the terms of his probation, he was not advised that, by making such an admission, he would be giving up his right to confront and cross-examine witnesses at an evidentiary hearing where the State would have had the burden to prove the alleged violation by a preponderance of the evidence. Whether a party was denied due process is a question of law that we review *de novo*. *Miller v. Indiana Dep't of Workforce Dev.*, 878 N.E.2d 346, 351 (Ind. Ct. App. 2007).

---

[1] As we discuss below, Hilligoss is correct that the trial court violated Indiana Code Section 35-38-2-3(h)(2) when it extended the original term of his probation by more than one year beyond the original term of probation.

[8] Because a probation revocation results in a loss of liberty, the probationer must be given certain due process rights before his probation may be revoked. *Dalton v. State*, 560 N.E.2d 558, 560 (Ind. Ct. App. 1990) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). A probationer's due process rights are codified in Indiana Code Section 35-38-2-3, which provides in relevant part as follows:

> (e) A person may admit to a violation of probation and waive the right to a probation violation hearing after being offered the opportunity to consult with an attorney. *If the person admits to a violation and requests to waive the probation violation hearing, the probation officer shall advise the person that by waiving the right to a probation violation hearing the person forfeits the rights provided in subsection (f).* . . .

> (f) Except as provided in subsection (e), the state must prove the violation by a preponderance of the evidence. The evidence shall be presented in open court. The person is entitled to confrontation, cross-examination, and representation by counsel.

(Emphasis added).

[9] Hilligoss contends that, contrary to Indiana Code Section 35-38-2-3(e), he "was never advised of any of [his] rights" under subsection (f). Appellant's Br. at 4. Accordingly, Hilligoss asserts that his "fundamental due process rights were denied." *Id.* at 5. The State admits that the "trial court does not appear to have given [Hilligoss the statutory] advisement."[2] Appellee's Br. at 7. However, the

---

[2] The State does not suggest that the statutory requirement that the "probation officer shall advise" the probationer of his rights alleviated the trial court of its burden to ensure that Hilligoss was aware of his rights.

State asserts that Hilligoss "would have admitted the violation even if the court had advised him of the rights he was giving up by admitting the violation," *id.* at 3, and the State maintains that Hilligoss has waived this issue for our review by raising it for the first time on appeal.

[10] Generally, a party waives an issue if it is raised for the first time on appeal. *See Townsend v. State*, 632 N.E.2d 727, 730 (Ind. 1994). "However, we may bypass an error that a party procedurally defaults when we believe that the error is . . . fundamental." *Id.* (quoting *Hart v. State*, 578 N.E.2d 336, 337 (Ind. 1991)). As our supreme court recently stated: "An error is fundamental, and thus reviewable despite failure to object, if it made a fair trial impossible or constituted a clearly blatant violation of basic and elementary principles of due process presenting an undeniable and substantial potential for harm." *Young v. State*, 30 N.E.2d 719, 726 (Ind. 2015) (quotation marks omitted). However, in *Young* the court clarified that this standard no longer requires the alleged error to have been "sufficiently 'egregious' or 'blatant' [such] that the trial court should have acted sua sponte." *Id.* at 726 n.6 (clarifying *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014)).

[11] Indiana's courts have recognized fundamental error in the context of probation revocation proceedings before. For example, it is well settled that the failure to hold an evidentiary hearing on an alleged probation violation denies a probationer his due process rights and constitutes fundamental error. *Dalton*, 560 N.E.2d at 560. Indeed, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."

*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted). Further, "a probationer's admission that he violated the terms of probation does not entitle him to less due process than a probationer who contests the asserted violations." *United States v. Holland*, 850 F.2d 1048, 1051 (5th Cir. 1988).

[12] The State concedes that "[t]he court was required to inform [Hilligoss] that he was giving up" his due process rights set out in Indiana Code Section 35-38-2-3(f). Appellee's Br. at 7. As with the required *Boykin* rights at a guilty plea hearing,[3] the statutory advisements applicable here insure that a probationer's admission "is given with full knowledge of the consequences of such admission." *Gray v. State*, 481 N.E.2d 158, 161 (Ind. Ct. App. 1985). Because the record is silent with respect to whether Hilligoss was advised of his rights pursuant to Indiana Code Section 35-38-2-3(e) and (f), we must conclude that Hilligoss was not properly advised and, therefore, that he was deprived of his fundamental right to due process. *See, e.g.*, *Ponce v. State*, 9 N.E.3d 1265, 1270 (Ind. 2014) (reiterating that the record of guilty plea proceeding must demonstrate that the defendant was advised of his constitutional rights and he knowingly and voluntarily waived them).

[13] Thus, we hold that a trial court's failure to ensure that a probationer who admits to a probation violation has received the advisements as required under

---

[3] With respect to guilty pleas, it is well settled that a failure to strictly comply with the statutorily required advisement of *Boykin* rights constitutes fundamental error. *Jones v. State*, 467 N.E.2d 757, 760 (Ind. Ct. App. 1984); *see also Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

Indiana Code Section 35-38-2-3(e) constitutes a fundamental violation of the probationer's due process rights. Accordingly, we reverse the trial court's revocation of Hilligoss' probation. On remand, the trial court shall hold an evidentiary hearing on Hilligoss' alleged probation violation or, if Hilligoss admits to the violation, the trial court shall make a record to reflect that Hilligoss has been properly advised of his rights in accordance with Indiana Code Section 35-38-2-3(e).[4]

### Issue Three: Term Extensions

Finally, we address Hilligoss' contention that the trial court erred when it extended the term of his probation by more than one year beyond the original term of probation in violation of Indiana Code Section 35-38-2-3(h)(2), which provides as follows:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may . . . [e]xtend the person's probationary period for not more than one (1) year beyond the original probationary period.

Again, on October 24, 2012, the trial court extended Hilligoss' original probationary period by an additional six months. And on February 12, 2014,

---

[4] Because we decide this appeal under the fundamental error doctrine, we need not address the State's argument that Hilligoss forfeited this issue for our review when he did not object in the trial court. However, we note the inherent absurdity in the State's position. The premise of giving an advisement is that the person to be advised is unaware of certain information; the premise of the State's argument for forfeiture is that the person who should have been advised should have known enough to put the trial court on notice of its failure to advise him.

the trial court extended his probationary period by an additional 365 days. Because those two extensions, taken together, extend Hilligoss' probationary period by more than one year beyond the original probationary period, they violate Indiana Code Section 35-38-2-3(h)(2). On remand, we instruct the trial court to reduce Hilligoss' period of probation by six months to bring it in compliance with the statute.

[16] Reversed and remanded with instructions.

Kirsch, J., and Barnes, J., concur.