ATTORNEYS FOR APPELLANT
Timothy J. Burns
Ruth A. Johnson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Chandra K. Hein
Deputy Attorneys General
Indianapolis, Indiana

_____

In the
Indiana Supreme Court

_____

FILED
Apr 28 2016, 4:18 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 49S05-1601-CR-46

TRAVIS ALLEN,                                          *Appellant-Defendant,*

v.

STATE OF INDIANA,                                     *Appellees-Defendants*

_____

Appeal from the Marion Superior Court, No. 49F10-1112-CM-86414
The Honorable Linda E. Brown, Judge

_____

On Transfer from the Indiana Court of Appeals, No. 49A05-1410-CR-501

_____

**April 28, 2016**

**Dickson, Justice.**

The defendant was convicted of four traffic offenses, two related to his driving while intoxicated and two related to his lack of a driver's license. His trial took place on October 8, 2014, almost three years after his arrest on December 9, 2011. This appeal asserts a single claim: that the trial court erroneously denied his Criminal Rule 4 motion for discharge for delay.

The defendant contends that he is entitled to discharge under Indiana Rule of Criminal

Procedure 4(C),[1] which provides that a defendant may not be held to answer a criminal charge for greater than one year "except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar . . . ." The rule "places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for extensions of that time for various reasons." Cook v. State, 810 N.E.2d 1064, 1065 (Ind. 2004). This rule protects the right of an accused to a speedy trial, which is guaranteed by the Sixth Amendment to the United States Constitution[2] and protected by Article 1, Section 12 of the Indiana Constitution.[3] Clark v. State, 659 N.E.2d 548, 551 (Ind. 1995).

The defendant was arrested on December 9, 2011. The State does not argue that any delay was attributable to the defendant during the period from the defendant's arrest through the January 20, 2012, pretrial conference. At the defendant's request continuances were then granted that delayed the case 116 days from January 20, 2012, to May 15, 2012, and the State argues that an additional delay of 142 days from May 15, 2012, to October 4, 2012, should also be attributed to the defendant. At a pre-trial conference on October 16, 2012, the defendant notified the trial court that he had entered a guilty plea the previous day in another court and received a ten-year sentence to be served at the Indiana Department of Corrections for an unrelated criminal convic-

---

[1] Indiana Criminal Rule 4(C) states:

> **Defendant Discharged**. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

[2] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. amend. VI.

[3] "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." IND. CONST. art. 1, § 12.

2

tion. The trial court then stated that it would set the present case for trial, and the court reporter said, "[b]ut, you will have to file a transport order to get him back." Tr. at 110. It is not clear from the record whether this statement was made to the judge, the prosecuting attorney, or the defense counsel, but defense counsel responded, "[t]o get him back, okay." *Id.* The trial court then scheduled a bench trial in this case for January 23, 2013. A trial on this date would have occurred 411 days after the defendant's arrest, but was nevertheless within the limitations of Rule 4(C) because of delays attributable to the defendant.

On January 23, 2013, the State and defense counsel were present and ready for trial, but the defendant was absent. The State argues that it was failure of the defense to prepare the transport order and the resulting non-appearance by the defendant for trial that caused delay attributable to the defendant which should toll the one-year limitation in Rule 4(C). The defendant contends that, because he was incarcerated at the Department of Corrections on January 23, 2013 and was thus unable to appear for trial, any resulting delay should not be attributable to him. We need not resolve this issue because these two alternatives each lead to the same result.

First, if the defendant's failure to appear is *not* counted as delay caused by his act, then his trial was not held within the time period prescribed by Rule 4(C), even accepting the State's claimed attribution of other delays to the defendant. The defendant was arrested December 9, 2011 and brought to trial October 8, 2014–1034 days later. Without attribution to the defendant of any delay associated with his failure to appear for trial on January 23, 2013, the other delays alleged by the State as attributable to the defendant would toll for 258 days the one year period under Rule 4(C), which thus would have required the defendant's trial to commence by August 23, 2013.[4] But the trial did not begin until October 8, 2014, violating Rule 4(C).[5]

Second, if the defendant's non-appearance at his January 23, 2013 trial date *is* deemed to commence a delay attributable to him, the duration of that delay would include a reasonable time

---

[4] While 2012 was a leap year, for this case we have used 365 days per year in our Rule 4(C) calculations.

[5] The State does argue that some later delays are also attributable to the defendant, but we do not consider them here as they come after August 23, 2013–the last day on which the defendant's trial could have begun under Rule 4(C) if the failure to appear attributed no time to the defendant.

3

for the trial court to take action to reschedule his trial date. The defendant's failure to appear placed both the trial court, which is responsible for the management of its docket, and the prosecution, which has an interest in avoiding discharge under Criminal Rule 4, on notice that a new trial date was necessary, including the necessity of transporting the defendant from prison for trial. As of the scheduled trial date of January 23, 2013, and assuming the State's claimed attribution of 258 days in delays to the defendant, there remained ample time—212 days plus the reasonable time attributable to the defendant—within which to bring the defendant to trial. Following the defendant's non-appearance for trial on January 23, 2013, however, neither the State nor the trial court took any action for 518 days. On June 25, 2014, at a hearing on the defendant's motion for discharge under Rule 4(C) filed April 23, 2014, the trial court finally took action to schedule a new trial date. Thus, even if the defendant's non-appearance for trial is deemed to have initiated a delay attributable to him for Rule 4(C) purposes, such delay extended only for a reasonable period of time within which the court could take action to reschedule a new trial date and secure transportation of the incarcerated defendant for trial. The reasonable period certainly did not extend for more than 306 days as would have been required for the defendant's trial to comply with Rule 4(C). The defendant, then, was not brought to trial within the period required by Rule 4(C).

Therefore, whether declining to attribute delay to the defendant for failing to arrange for his transportation from Department of Correction custody and to appear for his trial scheduled for January 23, 2013, or whether attributing such failures to the defendant under Rule (C) and permitting the trial court and the State a reasonable time thereafter to bring the defendant to trial, the defendant was entitled to discharge pursuant to Indiana Criminal Rule 4(C), and his motion should have been granted.

We reverse the denial of the defendant's motion for discharge and remand to the trial court to grant the motion pursuant to Criminal Rule 4(C).

Rush, C.J., and Rucker, David, and Massa, JJ., concur.

4