

FILED

Sep 04 2019, 5:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Samuel J. Beasley
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jaron Leekingdus Ratliff, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | September 4, 2019 <br><br> Court of Appeals Case No. 18A-CR-2387 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Marianne L. Vorhees, Judge <br><br> Trial Court Cause No. 18C01-1404-FA-1 |

**May, Judge.**

[1]     Jaron Leekingdus Ratliff appeals the trial court's denial of his motion to discharge the charges against him based on an alleged Criminal Rule 4(C) violation.  Ratliff also argues the State violated his Sixth Amendment right to a

speedy trial under the United States Constitution because there was a delay in bringing him to trial of over three years while he was incarcerated in another jurisdiction. We affirm.

## Facts and Procedural History

[2] On April 1, 2014, police arrested Ratliff after he sold cocaine to two confidential informants. On April 8, 2014, the State charged Ratliff with two counts of Class A felony dealing in cocaine.[1] The trial court held an initial hearing on the matter on April 22, 2014, and set a trial date of August 11, 2014. On April 24, 2014, Ratliff was released on bail.

[3] The trial court held a pre-trial hearing on May 3, 2014, and all parties attended. On July 7, 2014, the trial court held another pre-trial hearing, but Ratliff and his counsel did not appear. The trial court issued a warrant for Ratliff's arrest. On the scheduled trial date, Ratliff and his counsel again did not appear, but an unidentified third party announced on the Record that Ratliff was in the Madison County Jail and "he's going to be there for a while." (Tr. Vol. II at 4.) The trial court canceled the jury trial.

[4] On March 29, 2018, the trial court scheduled a status conference on Ratliff's case for May 9, 2018. On May 9, Ratliff moved to continue the status conference, and the trial court rescheduled the status conference for June 13,

---

[1] Ind. Code § 35-48-4-1(b) (2006).

2018. On June 13, the trial court held the status conference. The next day, the court set a pretrial conference for July 25 and set Ratliff's jury trial for August 6, 2018.

[5] On July 23, 2018, Ratliff filed a motion for discharge pursuant to Indiana Criminal Rule 4(C). On August 6, the trial court held a hearing on the matter and denied Ratliff's motion. The trial court then certified its order for interlocutory review, and we subsequently accepted jurisdiction.

# Discussion and Decision

## Discharge Under Indiana Criminal Rule 4(C)

[6] Ratliff contends the trial court erred when it denied his motion for discharge pursuant to Indiana Criminal Rule 4(C). When we review Criminal Rule 4 claims, we review questions of law *de novo* and we review the trial court's factual findings under the clearly erroneous standard. *Mefford v. State*, 51 N.E.3d 327, 333 (Ind. Ct. App. 2016). Indiana Criminal Rule 4(C) provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of

congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

[7] Under Criminal Rule 4(C), the State was required to bring Ratliff to trial within one year from the date he was arrested. *Todisco v. State*, 965 N.E.2d 753, 755 (Ind. Ct. App. 2012), *trans. denied*. When a trial court, during the one-year period, schedules a trial date outside of the one-year period, the defendant must object in order to give the trial court an opportunity to cure its mistake. *Young v. State*, 765 N.E.2d 673, 679 (Ind. Ct. App. 2002). However, when the trial court, after the one-year period has expired, sets a trial date, the defendant need only to file a motion for discharge. *Id.* When a defendant files a motion to discharge, it is the defendant's burden to demonstrate that the one-year time frame has been exceeded and that he is not responsible for the delay. *Martin v. State*, 419 N.E.2d 256, 259 (Ind. Ct. App. 1981).

[8] There are several instances in which the delay bringing a defendant to trial is not attributed to the State and, thus, is excluded from the one-year time frame. *Todisco*, 965 N.E.2d at 755. Relevant to this case is the number of days attributable to the one-year time frame that are tolled when a defendant does not appear before the trial court and his whereabouts are unknown. *Werner v. State*, 818 N.E.2d 26, 31 (Ind. Ct. App. 2004), *trans. denied*. The accumulation

of days relevant to C.R. 4(C)'s one-year timeframe commences again when the trial court is given notice of the defendant's location. *Id.*

[9] At issue in this case is the manner in which the trial court must be given notice of a defendant's location. Ratliff analogizes his case to *Allen v. State*, 51 N.E.3d 1202 (Ind. 2016). In that case, Allen was arrested on December 9, 2011. After two continuances attributable to Allen, the trial court held a pre-trial conference on October 16, 2012. At that hearing, Allen verbally informed the court he had entered a guilty plea in another case and had been sentenced to ten years in the Indiana Department of Correction. *Id.* at 1204. The court reporter then stated, "you will have to file a transport order to get him back." *Id.* The trial court set a trial date of January 23, 2013.

[10] On January 23, 2013, Allen did not appear for trial because he was incarcerated and defense counsel had not filed a request for transport order. *Id.* The trial court entered a re-arrest warrant for Allen. On September 5, 2013, Allen, *pro se*, filed a Verified Petition for Resolution of Detainer wherein he stated he was incarcerated. *Allen v. State*, 45 N.E.3d 59, 62 (Ind. Ct. App. 2015), *vacated by Allen*, 51 N.E.3d 1202 (Ind. 2016). The trial court struck that petition from the record because it was not required to accept a *pro se* filing from Allen, who was represented by counsel. *Id.*

[11] On April 23, 2014, Allen, by counsel, filed a motion for discharge pursuant to C.R. 4(C). The trial court held a hearing on the motion on June 25, 2014, and denied the motion. The trial court then scheduled Allen's trial for July 29,

2014. Allen requested two subsequent continuances, and his trial was finally held on October 8, 2014. *Id.* at 63. The trial court convicted him as charged and sentenced him accordingly.

[12] On appeal, Allen argued the trial court abused its discretion when it denied his motion for discharge because his trial date went far beyond the one-year time limit set forth in C.R. 4(C). *Allen*, 51 N.E.3d at 1204. Our Indiana Supreme Court held the trial court abused its discretion when it denied Allen's motion for discharge because the State and the trial court did not bring Allen to trial within a "reasonable time." *Id.* at 1205. Ratliff argues the same is true here. We disagree.

[13] *Allen* is distinguishable from the facts before us because the trial court in Allen received notice, albeit later stricken, from Allen that he was incarcerated. *Allen*, 45 N.E.3d at 62.[2] Ratliff did not give any form of written notice to the trial court, and thus *Allen* does not apply. Instead, the facts in *Werner v. State*, 818 N.E.2d 26 (Ind. Ct. App. 2004), *trans. denied*, on which the trial court relied, are analogous to Ratliff's circumstances.

---

[2] In his dissent in *Allen*, Judge Barnes noted that despite the fact Allen's *pro se* filing was stricken, it was evident the trial court and the State had received Allen's written notice that he was incarcerated. Judge Barnes stated regarding Allen's written notice and the discussion of Allen's whereabouts at multiple hearings: "If these attempts at notification were not sufficient, what else was Allen to do?" *Allen*, 45 N.E.3d at 65. This further distinguishes the facts of the case before us because it seems Ratliff made no effort to notify the court of his incarceration at any point in the proceedings.

In *Werner*, police arrested Werner on August 30, 2000. On September 19, 2000, Werner appeared at his initial hearing and requested a continuance. On November 9, 2000, an unidentified individual called the Randolph County Clerk's Office to report that Werner was being held in the Wayne County Jail. *Id.* at 28. On January 8, 2001, Werner's bonding company called the bailiff and informed him that Werner was in the Wayne County Jail. After subsequent continuances, the trial court held the hearing on January 30, 2001. Werner did not appear. *Id.*

Werner was released from the Wayne County Jail on May 25, 2001. After subsequent continuances, Werner waived his initial hearing and the trial court set a trial date of January 3, 2002. Werner did not object to this trial date. *Id.* On March 31, 2003, Werner filed a motion to dismiss pursuant to C.R. 4(C). The trial court denied his motion on December 23, 2003, and certified the matter for interlocutory appeal. *Id.*

On appeal, Werner argued the trial court abused its discretion when it did not grant his motion to dismiss pursuant to C.R. 4(C) because two people provided oral notice to the trial court of his incarceration in Wayne County and, thus, any delay in his trial date based on that time frame was not attributable to him. *Id.* We held the trial court did not abuse its discretion because Werner had not notified the trial court in writing of his incarceration. *Id.* at 31. We stated:

> Our judicial system has traditionally required a significant degree of formality from its participants, and with good reason. Trial courts have substantial case loads and complicated dockets to

manage, and, if we did not require that litigants communicate with each other and the court formally and in writing, the system would soon devolve into chaos. There is simply no guarantee that a telephone message relayed to someone in a bailiff's office or clerk's office would be communicated to the court or to the other involved parties.

*Id.*

[17] The same is true here. Ratliff did not provide written notification of his incarceration to the trial court. Instead, on August 11, 2014, an unidentified speaker stated:

> Yeah. Mr. Beasley [defense counsel], I talked with him on Friday. He is actually in the Madison County Jail and Mr. Beasley is going to try and report you, Your Honor, he's going to be there for a while. So, as to what we're going to do - how we're going to handle both of the cases together - so, apparently Mr. Beasley has a plan.

(Tr. Vol. II at 4.) Ratliff did not communicate with the trial court to indicate his whereabouts until approximately four years after that statement. Guided by the holding in *Werner*, we conclude the trial court did not abuse its discretion when it denied Ratliff's motion to discharge pursuant to C.R. 4(C).[3]

---

[3] Ratliff also contends our Indiana Supreme Court's holding in *Allen* overruled *Werner* and related cases that held written notice of incarceration in an unrelated matter is required under these circumstances. However, *Allen* did not cite *Werner* and thus did not explicitly overrule it, and we hold the facts are distinguishable.

# Sixth Amendment

[18] The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." To determine if a defendant has been deprived of his right to a speedy trial, we consider four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): (1) the length of the delay; (2) the reason(s) for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) the prejudice to the defendant. *See Crawford v. State*, 669 N.E.2d 141, 145 (Ind. 1996) (applying *Barker* factors).

[19] Ratliff argues the trial court abused its discretion when it denied his motion for discharge because the State's delay in bringing him to trial violated his Sixth Amendment right to a speedy trial. However, Ratliff did not present this argument before the trial court, and he may not assert it for the first time on appeal. *See Hilligoss v. State*, 45 N.E.3d 1228, 1231 (Ind. Ct. App. 2015) (a party waives an issue if it is raised for the first time on appeal). Waiver notwithstanding, we hold the trial court's decision did not violate Ratliff's Sixth Amendment right because, as noted *supra*, the overwhelming bulk of the delay in bringing Ratliff to trial is attributable to Ratliff's failure to communicate with the trial court in writing and he has not demonstrated prejudice in the delay. *See Vermillion v. State*, 719 N.E.2d 1201, 1206 (Ind. 1999) (Vermillion's Sixth Amendment right to a speedy trial was not violated when he was responsible for a substantial part of the delay and had not demonstrated prejudice), *reh'g denied*.

# Conclusion

The trial court did not abuse its discretion when it denied Ratliff's motion to discharge him because his failure to communicate in writing with the trial court regarding his incarceration was primarily responsible for the delay in his prosecution. Additionally, since the delay was attributable to Ratliff's actions and he has not demonstrated prejudice from the delay, the trial court's decision did not violate his Sixth Amendment right to a speedy trial. Accordingly, we affirm.

Affirmed.

Mathias, J., and Brown, J., concur.