## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 17 2020, 8:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jeffrey C. Sharp
Frankfort, Indiana

ATTORNEY FOR APPELLEE

Donald W. Shelmon
Rensselaer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey C. Sharp,

*Appellant-Respondent,*

v.

Shiela D. (Sharp) Scott,

*Appellee-Petitioner.*

January 17, 2020

Court of Appeals Case No.
19A-DR-2131

Appeal from the Jasper Circuit Court

The Honorable Rex W. Kepner, Special Judge

Trial Court Cause No.
37C01-1410-DR-874

**Najam, Judge.**

## Statement of the Case

Jeffrey C. Sharp ("Husband"), *pro se*, appeals the trial court's entry of an order on a rule to show cause in which the court appointed an individual to sell

certain parcels of real estate in the country of Belize. Husband raises six issues for our review, which we revise and restate as the following two issues:

1. Whether the trial court had subject matter jurisdiction to order the sale of real property in Belize.

2. Whether the trial court denied Husband due process when it prohibited him from objecting to the sale of the real property.

We affirm.

## Facts and Procedural History

Husband and Shiela Sharp ("Wife") were married on September 8, 1994.[1] In 2005, Husband and Wife purchased three parcels of real property in the country of Belize. On October 28, 2015, following the entry of a dissolution decree, the trial court issued an order in which it divided the parties' assets. In particular, the court awarded two of the properties located in Belize to Wife and one of the properties to Husband.

In October 2016, the court appointed a commissioner to execute documents related to the real property. At some point following the court's appointment of the commissioner, Husband sold one of the properties that the court had awarded to Wife. Thereafter, both Husband and Wife filed motions for rule to

---

[1] The only document Husband has provided in the record on appeal is the transcript from the hearing on the motion for rule to show cause. Accordingly, our statement of the facts is limited to the facts that can be ascertained from that transcript.

show cause with the trial court. Following a hearing on the motions, the court entered an order in which the court, in relevant part, appointed an individual to sell the remaining two properties in Belize. The court further ordered that "neither of the parties . . . shall take any actions nor allow any other person, representative, attorney or agent to take actions to restrict or object to the sale of said parcels of real estate." Appealed Order at 1.[2] This appeal ensued.

## Discussion and Decision

[5] Husband appeals the trial court's order on the motions for rule to show cause. We first note that Husband is proceeding *pro se*. "It is well settled that *pro se* litigants are held to the same legal standards as licensed attorneys. This means that *pro se* litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Basic v. Amouri*, 58 N.E.3d 980, 983-984 (Ind. Ct. App. 2016) (internal citation omitted).

### Issue One:  Subject Matter Jurisdiction

[6] Husband first asserts that the trial court erred when it appointed a commissioner to execute documents related to the real property and when it appointed an individual to sell the property in Belize. Specifically, Husband contends that the trial court erred because the court lacked subject matter jurisdiction over the real property. As this Court has recently stated, "[w]hether

---

[2] Husband has not provided an appendix in his record on appeal.

a trial court has jurisdiction is a question of law that we review *de novo*." *Edwards v. Edwards*, 132 N.E.3d 391, 395 (Ind. Ct. App. 2019).

[7] On appeal, Husband contends that the court lacked subject matter jurisdiction in Belize and, accordingly, the court lacked jurisdiction to appoint the commissioner to execute documents and to appoint a person to sell the properties. Husband maintains that, because the court lacked jurisdiction, the court's act of appointing those individuals constituted fraud, which fraud "precipitated the crimes of: theft, wire fraud[,] and collusion of mail fraud." Appellant's Br. at 7. However, we hold that Husband has failed to meet his burden on appeal to demonstrate that the court lacked jurisdiction over the properties.

[8] It is well settled that the Indiana Appellate Rules require an appellant to include in his brief an argument section that "contain[s] the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citation to the authorities, statutes, and the Appendix or parts of the Record on appeal relied on[.]" Ind. Appellate Rule 46(A)(8)(a). Cogent argument supported by adequate citation to authority "promotes impartiality in the appellate tribunal. A court which must search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator." *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997). We will not address arguments so poorly developed or expressed that they cannot be understood. *Basic*, 58 N.E.3d at 984 (quotation marks omitted).

Here, Husband's argument wholly fails to comply with Indiana Appellate Rule 46(A)(8)(a). Husband has not provided any argument to explain why the court, which had jurisdiction over the marriage, lacked jurisdiction over the marital property. Nor has husband provided any argument to explain how the trial court's appointment of the individuals to execute documents or to sell the properties constituted fraud, theft, wire fraud, or mail fraud. Further, Husband has not provided a single citation to the record or legal authorities to support his assertions.[3] As a result, Husband has not met his burden on appeal to demonstrate that that trial court lacked subject matter jurisdiction over the properties.

### Issue Two: Due Process

Husband next asserts that the trial court denied him due process. "Whether a party was denied due process is a question of law that we review *de novo*." *Hilligoss v. State*, 45 N.E.3d 1228, 1230 (Ind. Ct. App. 2015). Husband specifically contends that the trial court denied him due process when it prohibited him from objecting to the sale of the real estate in Belize. However, we again hold that Husband has failed to comply with our Appellate Rules and, as such, has failed to meet his burden on appeal on this issue.

---

[3] In this Statement of the Facts, Husband contends that the court violated Indiana Code Section 31-15-7-9.1 and his constitutional rights when it appointed a commissioner to execute documents related to the properties. However, Husband has not provided any argument in his argument section as to how the court's actions violated that statute or his constitutional rights.

[11] Husband's entire argument on this issue is as follows:

> Whether the Court committed reversible error when it denied Mr. Sharp due process is not in question. Judge Kepner's order, in and of itself, documents the denial of due process. "No person shall be deprived of life, liberty, or property without due process." On August 19, 2019, Judge Kepner issued an Order in this case, that in particular reads as follows: "2. That neither parties [sic], being Shiela D. (Sharp) Scott or Jeffrey C. Sharp shall take any actions nor allow any other person, representative, <u>attorney</u> or agent to take any actions to restrict or object to the sale of said parcels of real estate."

Appellant's Br. at 6 (emphasis in original).

[12] Husband's argument wholly fails to comply with Indiana Appellate Rule 46(A)(8)(a). Husband has simply asserted, without more, that the court violated his due process rights. Husband makes no argument to explain how the trial court's order might have denied him due process. Further, Husband does not provide a single citation to legal authority that might support such an argument. Accordingly, Husband has failed to meet his burden on appeal to demonstrate that the trial court denied him his due process rights.[4]

---

[4] Husband also briefly asserts that the trial court's October 2015 order dividing the marital assets was erroneous because the cause number on the second page of the order was missing four digits. However, Husband has not provided a copy of that allegedly erroneous order in his record on appeal. Accordingly, he has not met his burden to demonstrate that the trial court erred when it issued that order. In any event, Husband has not made any argument, let alone cogent argument, to explain how that alleged error might constitute reversible error. *See* App. R. 66(A).

[13]     In sum, Husband has failed to comply with the Indiana Rules of Appellate Procedure and, as such, has not met his burden on appeal to demonstrate that the trial court erred. Accordingly, we affirm the trial court's order.

[14]     Affirmed.

Vaidik, J., and Tavitas, J., concur.