

I N T H E

# Court of Appeals of Indiana

Steven J. Sieg,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Oct 28 2025, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

October 28., 2025

Court of Appeals Case No.
25A-CR-1430

Appeal from the Washington Superior Court

The Honorable Dustin L. Houchin, Judge

Trial Court Cause No.
88D01-2403-F4-194

**Opinion by Judge Weissmann**
Judges Bradford and DeBoer concur.

**Weissmann, Judge.**

[1] Steven Sieg committed possession of methamphetamine barely two months into a nearly 4-year term of probation for burglarizing a home and possessing methamphetamine. The State petitioned to revoke Sieg's probation based on his commission of the new offense and several other alleged violations of the terms of his probation. The trial court found one probation violation—that Sieg committed the new methamphetamine offense—and revoked his probation.

[2] Sieg appeals, claiming the trial court violated his due process rights when it considered the unproven probation violation allegations when determining his sanction. He also claims the sanction imposed by the court was too harsh. Finding no reversible error, we affirm.

## Facts

[3] In March 2024, Sieg broke into a mobile home, stole the owner's property, and was caught with methamphetamine, all in Washington County. He pleaded guilty to Level 5 felony burglary, Level 6 felony possession of methamphetamine, and Class A misdemeanor theft. The trial court sentenced Sieg to five years imprisonment, with nearly four years (1,441 days) suspended to probation. One of the conditions of his probation prohibited him from "violat[ing] any law of the State of Indiana or any other jurisdiction during the term of [his] probation." App. Vol. II, p. 97.

Sieg's probation began in November 2024. Less than two months later, he possessed methamphetamine again—this time in Harrison County. Sieg pleaded guilty to this new Level 6 felony and was sentenced to 180 days in jail in February 2025.

Three months later, Sieg's probation officer in Washington County petitioned to revoke Sieg's probation, alleging he violated the terms of his probation by: (1) committing the new methamphetamine offense in Harrison County; (2) failing to report to his probation officer or pay probation fees in Washington County; (3) failing to comply with treatment requirements of his probation; and (4) testing positive for methamphetamine and amphetamine.

At the revocation hearing, the State produced evidence of Sieg's methamphetamine conviction in Harrison County but failed to introduce any evidence of the remaining three probation violation allegations. Sieg admitted he was guilty of the new methamphetamine offense. He testified that he used methamphetamine to address the pain he suffered from his various medical problems— his current cancer and his previous ailments of a broken neck, broken back, and stroke. Sieg expressed his intent to undergo drug treatment through the Veterans Administration.

The trial court found Sieg violated the terms of his probation by committing the new offense. When determining the sanction for this violation, the court noted it was "considering" the other allegations in the petition, though "the only

found violation" was the new conviction. Tr. Vol. II, p. 10. The court also considered Sieg's extensive criminal history dating back to 1978—reflected in the presentence investigation report prepared when the court imposed his original 5-year sentence in this case. This history consisted of 17 prior arrests involving 11 felonies, including violent crimes such as burglary and intimidation. The court noted Sieg had violated probation multiple times before and failed two prior diversion programs. Finding Sieg unlikely to succeed on probation, the court revoked his entire suspended sentence of 1,441 days and ordered him to serve that term, less credit time, in the Indiana Department of Correction.

[8] The trial court's written order revoking Sieg's probation contained similar analysis:

> The Court FINDS that the appropriate remedy is for the entirety of the suspended sentence to be served in incarceration for the following reasons: (1) the defendant has an extensive criminal history, having been arrested on seventeen prior occasions with eleven of those being felony offenses; (2) the defendant violated probation in most of his prior cases; (3) the defendant tested positive for methamphetamine and committed a new felony offense while he was on probation in this case; (4) the defendant attempted to evade responsibility by failing to report to probation and failing to take advantage of VA services; and (5) that it is in the interest of the safety of the community and of the defendant himself to be incarcerated.

App. Vol. II, p. 117.

## Discussion and Decision

[9] Sieg raises two arguments on appeal. First, he claims that his due process rights were violated when the trial court considered unproven probation violation allegations. Second, he contends the court abused its discretion by revoking his entire suspended sentence. Neither argument is persuasive.

## I. Sieg Has Failed to Show a Violation of Due Process

[10] "Because probation revocation results in the loss of liberty, a probationer must be afforded certain due process rights before revocation." *Scott v. State*, 258 N.E.3d 298, 301 (Ind. Ct. App. 2025). But these rights are more limited than those afforded defendants at trial, given that a probation revocation is civil in nature. *Knecht v. State*, 85 N.E.3d 829, 833 (Ind. Ct. App. 2017). Among these limited due process protections is the right to a written statement by the court as to the evidence upon which it is relying and its reasons for revoking that probation. *Id.*

[11] Whether a probationer was denied due process in finding a probation violation is a question of law that we review de novo. *Scott*, 258 N.E.3d at 301 (quoting *Hilligoss v. State*, 45 N.E.3d 1228, 1230 (Ind. Ct. App. 2015)). Sieg argues that this de novo standard applies here.

[12] Basing a probation revocation upon unproven allegations for which the defendant has not been convicted can violate due process. *Bussberg v. State*, 827

N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*. But the record makes clear that is not what happened here.

[13] At the revocation hearing, Sieg admitted he had committed and been convicted of the new offense of possession of methamphetamine in Harrison County during the term of his probation in Washington County. The State presented evidence of that conviction. Although the court acknowledged other probation violations had been alleged, it considered those allegations only when determining the sanction for his probation violation arising from his commission of the new offense. The court explicitly stated that despite finding only one violation, "there were lots of other allegations in the petition [that] I'm considering in what is appropriate to do with the sentence." Tr. Vol. II, p. 10.

[14] Thus, the trial court's reference to the unproven allegations occurred solely in the context of determining the appropriate sanction. This inquiry followed the trial court's separate determination that Sieg had violated the terms of his probation by committing a new criminal offense (possession of methamphetamine in Harrison County). *See Woods v. State*, 892 N.E.2d 637, 640-41 (ruling that probation revocation is a two-step process requiring, first, proof of a violation by a preponderance of the evidence or admission, and, second, determination of an appropriate sanction).

[15] Because the court's consideration of the unproven probation violations went to the severity of the sanction—not to whether a violation had occurred—Sieg's

due process claim is ultimately a challenge to the trial court's written statement of revocation relating to the final sentence. *Scott*, 258 N.E.3d at 300 ("A challenge to the trial court's written statement of revocation relates to the final sentence rather than procedural aspects of the revocation proceedings leading up to that sentence.").

[16] This distinction is critical. Although due process requires that probation violations be proven or admitted, sentencing decisions following a valid revocation finding involve broader discretionary considerations. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999) (courts may consider "any relevant evidence bearing some substantial indicia of reliability" in revocation proceedings). An abuse of discretion standard—not a de novo standard—therefore applies to Sieg's claim that the trial court considered unproven probation violation allegations when sanctioning Sieg[1]. *See Castillo v. State*, 67 N.E.3d 661, 665 (Ind. Ct. App. 2017) (applying an abuse of discretion standard of review to the challenged sanction of full revocation after concluding that "there is no due process requirement for a specific statement of reasons for the sanction imposed following revocation of probation").

[17] But even if the trial court abused its discretion in considering the unproven probation violations when imposing the sanction for Sieg's probation violation,

---

[1] If, in fact, Sieg's due process claim applies to anything but the sanction, his failure to object on due process grounds in the trial court effectively waived this issue for review. *See*, *e.g.*, *Terpstra v. State*, 138 N.E.3d 278, 285-86 (Ind. Ct. App. 2017) (finding probationer waived his due process claim in probation revocation proceeding by failing to raise due process claim in the trial court).

any error was harmless. *See Bussberg*, 827 N.E.2d at 44 (ruling that error violating defendant's due process rights is subject to harmless error analysis in probation revocation appeal). Sieg's new criminal offense—committing possession of methamphetamine while he was on probation for a similar drug offense—alone justified revocation of the entire suspended sentence. *See, e.g.*, *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015) (ruling that a single probation violation is sufficient to support revocation of probation).

[18] Beyond that, Sieg had an extensive and serious criminal history that showed his repeated unwillingness to comply either with the terms of probation or societal rules in general. Sieg continued this pattern of unlawful behavior in this case, as he committed the new methamphetamine offense within two months after being placed on probation in this prosecution, which also involved a methamphetamine offense. *See Slater v. State*, 223 N.E.3d 298, 307 (Ind. Ct. App. 2015) (affirming full revocation of probation for commission of new offense while on probation, given probationer's "past failures to lead a law-abiding life or abide by the terms of his probation").

[19] Sieg's own admission that he used methamphetamine to address his health problems supported the trial court's view that incarceration—where Sieg would receive medical treatment and, presumably, appropriate pain medications for his illnesses—would benefit him more than being "on the street . . . using methamphetamine." Tr. Vol. II, p. 11. Given this significant evidence justifying

full revocation of Sieg's probation, any error in the trial court's consideration of the unproven probation violation allegations was harmless.

## II. No Abuse of Discretion in Imposing Sanction

[20] Sieg argues the trial court abused its discretion by revoking his entire 1,441-day suspended sentence based on a single violation. He focuses on his severe medical conditions and willingness to pursue treatment through the Veterans Administration.

[21] Following a finding that a defendant violated probation, a trial court has several options: (1) continue the defendant on probation; (2) extend the probationary period by up to one year; or (3) order execution of all or part of the suspended sentence. Ind. Code § 35-38-2-3(h). While a single violation may support revocation, "the selection of an appropriate sanction will depend upon the severity of the defendant's probation violation." *Heaton v. State*, 984 N.E.2d 614, 618 (Ind. 2013).

[22] The trial court has "considerable leeway" in determining sanctions for probation violations. *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). But it abuses its discretion when imposing a sanction for a probation violation decision when the decision is clearly against the logic and effect of the facts and circumstances. *Id.* We have repeatedly ruled that it is not an abuse of discretion to order execution of the entire suspended sentence when a defendant commits

a new criminal offense while on probation. *Killebrew v. State*, 165 N.E.3d 578, 582 (Ind. Ct. App. 2021); *Overstreet v. State*, 136 N.E.3d 260, 264 (Ind. Ct. App. 2019).

[23] Here, within two months of beginning probation, Sieg committed a new drug offense identical in nature to one of the crimes for which he was already on probation. The trial court properly considered his extensive criminal history, which spans nearly five decades and includes eleven prior felony convictions and multiple previous probation violations. *See Puckett v. State*, 183 N.E.3d 335, 339 (Ind. Ct. App. 2022) (extensive criminal history supports revocation).

[24] Although Sieg presented evidence of serious medical conditions and expressed desire for VA treatment, the trial court was not required to accept his assurances that he would now follow through with treatment, especially given his history of non-compliance with the judicial system. The court noted Sieg, then 65 years old, had access to VA rehabilitative services "for the entirety of your time after your service in the military" but had not taken advantage of them. Tr. Vol. II, p. 10. The court's conclusion that it was "untenable" to believe Sieg would follow through with treatment now was not clearly against the logic and effect of the facts. *Id.*

[25] The trial court acted within its discretion in determining that Sieg's immediate commission of a new drug offense, combined with his extensive criminal history and pattern of failed probation opportunities, warranted execution of the entire suspended sentence.

We affirm the trial court's judgment.

Bradford, J., and DeBoer, J., concur.

ATTORNEY FOR APPELLANT

Ryan D. Bower
Washington County Public Defender's Office
Salem, Indiana

ATTORNEY FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Andrew M. Sweet
Deputy Attorney General

Mia Roberts
Certified Legal Intern
Indianapolis, Indiana